8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl B. BORTZ, Petitioner-Appellant,
v.
Samuel LEWIS, et al., Respondent-Appellee.
 No. 93-15225.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 17, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This case presents a question of whether a petitioner for habeas corpus is barred from pursuing his habeas petition for failing to satisfy a state procedural prerequisite for state appellate review. We find that the petitioner procedurally defaulted on the claims stated in his habeas petition and, therefore, affirm the district court's dismissal of his petition.
 
 
 3
 Carl B. Bortz is an Arizona state prisoner who was convicted of sexual assault after entering a guilty plea. He later filed two separate petitions for post-conviction relief, both of which were denied by the Arizona trial court. The Arizona Court of Appeals dismissed his appeal of the trial court's denial of post-conviction relief because Bortz had failed to petition the trial court for rehearing, which was a precondition to the filing of an appeal. The Arizona Supreme Court affirmed the appellate court's decision without comment.
 
 
 4
 Bortz filed the instant habeas petition, and the district court entered summary judgment in favor of the defendant. The district court found that Bortz's claim had been denied by the Arizona appellate court because of his procedural default. Bortz timely appealed the district court's order. We have jurisdiction to consider his appeal under 28 U.S.C. § 2253.
 
 
 5
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc). A claim is procedurally defaulted for federal habeas corpus purposes if the last state court rendering a judgment in the case relies on a procedural default to deny relief. Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir.1992). However, a federal court will hear a habeas petition despite a state procedural default if it finds cause for the default and actual prejudice from the alleged violation of federal law. Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546, 2565 (1991).
 
 
 6
 Bortz acknowledges that he is in procedural default. However, he appears to suggest that sufficient cause exists to excuse this default. In particular, he claims that Arizona's rule requiring parties to petition for rehearing before they file a notice of appeal was a "trap for the unwary." He observes that Arizona recently eliminated the petition for rehearing prerequisite to filing an appeal after a state rules committee had concluded that the rule was a "trap to ensnare the unsuspecting defendant or state prosecutor."
 
 
 7
 We are not convinced that Arizona's rule requiring parties to petition for rehearing before they appeal was so confusing and unclear to Bortz that it excuses his procedural default. The requirement was set forth clearly in the state's criminal procedural rules, see Ariz.Code Crim.Proc. 32.9. It had been adopted for the legitimate purpose of affording a trial court an opportunity to correct errors made in ruling on a petition for post-conviction relief. State v. Wagstaff, 775 P.2d 1130, 1135 (Ariz.Ct.App.1988). It also had been applied consistently for several years in published opinions of the Arizona courts. See, e.g., State v. Pope, 635 P.2d 846, 847-48 (Sup.Ct.1981); State v. Williams, 819 P.2d 962, 964 (Ariz.Ct.App.1991); State v. Wagstaff, 775 P.2d at 1135. Finally, the requirement is no less fair or obvious than a time deadline for filing an appeal, which can constitute a sufficient basis for a procedural default. See, e.g., Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546 (1991). Arizona's rehearing requirement thus was reasonably discernable to Bortz, thereby precluding a claim for cause for his procedural default. See, e.g., Middleton v. Cupp, 768 F.2d 1083, 1087 (9th Cir.1985).
 
 
 8
 Other facts particular to Bortz underscore why he should not be excused for his procedural default. Bortz was represented by counsel throughout the period that he sought post-conviction relief. In addition, Bortz never states that he was confused or misled by Arizona's prehearing requirement; instead, both his brief, which concludes by stating that he has failed to demonstrate cause and prejudice relating to his default, and his demonstrated familiarity with prehearing procedures, indicate otherwise.
 
 
 9
 Accordingly, the judgment of the district court dismissing Bortz's petition is
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3