Lawrence ARNOLD, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. SD 29276.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 10, 2009.

---

Mark A. Grothoff, Columbia, for appellant.

Chris Koster, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Lawrence T. Arnold (movant) was convicted of the class A felony of attempted escape from confinement, § 575.210; armed criminal action, § 571.015; and the class A felony of kidnapping, § 565.110.[1] *See State v. Arnold,* 216 S.W.3d 203 (Mo. App.2007). Following incarceration, movant filed a motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. Evidentiary hearing was held and the motion denied. This court affirms.

The facts that resulted in movant's conviction are recited in *State v. Arnold, supra.* They will not be repeated here other than as necessary to address the point movant asserts in this appeal. Movant contends the motion court erred in denying his Rule 29.15 motion. Movant claims the trial counsel in his criminal case was ineffective because he did not request an instruction for the offense of false imprisonment as a lesser-included offense of kidnapping.

The motion court's findings and conclusions include:

With regard to Movant's allegation that trial counsel failed to submit and propose a lesser included instruction for false imprisonment to Count I, Kidnapping, the Court ... finds from [sic] the evidence presented at the trial in [movant's] case did not provide a basis for such a lesser included offense instruction. The argument here asserted by Movant is similar to that reviewed in *Williams v. State,* 92 S.W.3d 348 (Mo. App. S.D.2003). Either the [movant] acting individually or in concert confined jailer Fields using her as a hostage or shield, or she was free to go in which event [movant] would not be guilty of false imprisonment. Accordingly the Court finds that such a lesser included instruction would not have been warranted and there was no ineffective assistance of counsel or prejudice to Movant from a failure to request such lesser included instruction.

Section 565.110.1 defines the offense of kidnapping, as applicable here, as follows:

A person commits the crime of kidnapping if he or she ... unlawfully confines another without his or her consent for a substantial period, for the purpose of

...

(2) Using the person as a shield or as a hostage; . . . .

---

**1.** References to §§ 575.210 and 571.015 are to RSMo 2000. The reference to § 565.110 is to RSMo Cum.Supp.2004.

■ Section 565.130.1, RSMo 2000, prescribes the elements of the offense of false imprisonment. It states, "A person commits the crime of false imprisonment if he knowingly restrains another unlawfully and without consent so as to interfere substantially with his liberty."

Movant and the other inmate who was involved in movant's attempted escape from confinement rushed a door when Officer Fields, the jailer who was restrained, undertook to retrieve a book from the inmates. Movant's accomplice forcefully restrained Officer Fields and placed a sharp object against her neck. After the two inmates physically assaulted another officer, movant handcuffed one of Officer Fields' arms and pulled her to another location. Movant held Officer Fields in front of him. Movant held her "around the neck with a ball-point pen to her throat." *State v. Arnold,* 216 S.W.3d at 205. He was confronted by another officer. Movant told the officer that unless he was allowed to leave, " 'he was going to kill [Officer Fields].' " *Id.* at 206. Movant now claims that Officer Fields was not a hostage.

The issue of whether Officer Fields was a hostage was discussed in movant's direct appeal.

> Officer Risen [one of the deputies who was present during the escape attempt] testified that [movant] demanded three times that he be released or else he would kill Officer Fields. [Movant] himself admitted to holding onto Officer Fields and placing her in handcuffs as he negotiated for his own release, and that he began negotiating with officers "[p]retty much immediately."

*Id.* at 210. This court concluded that movant had admitted in the brief filed in the direct appeal "the very facts required to prove Fields was a hostage under § 565.110; namely, that 'he was forced to hold her in order to be able to escape.' " *Id.* The opinion noted that the ordeal at the jail did not end until "about three hours after [movant and his accomplice] initially accosted and apprehended Officer Fields." *Id.* at 206.

■ The Eastern District of this court held in *Becker v. State,* 260 S.W.3d 905 (Mo.App.2008), that:

> A trial court has no obligation to instruct the jury on a lesser-included offense unless a basis exists for acquitting the defendant of the greater offense charged and convicting him of the lesser-included offense. "A lesser[-] included[-] offense instruction is not required where there is strong and substantial proof of the offense charged, and the evidence does not suggest a questionable essential element of the more serious offense charged."

*Id.* at 910, quoting *State v. Barnard,* 972 S.W.2d 462, 466 (Mo.App.1998) (citations omitted).

Here, as in *Becker,* the facts fail to demonstrate a basis that would have led to an acquittal of movant for the kidnapping offense with which he was charged and which would have resulted in his conviction for the offense of false imprisonment. Movant was not entitled to a jury instruction for false imprisonment as a lesser-included offense of kidnapping. Trial counsel was not ineffective for failing to request a jury instruction to which movant would not have been entitled. *Becker, supra,* at 912. The motion court's findings and conclusions are not clearly erroneous. Movant's point is denied. The judgment is affirmed.

SCOTT, C.J., and LYNCH, P.J., concur.