SMITH CAMP, District Judge.
In 2006, a jury in Pulaski County, Arkansas, convicted Artie Jackson of first-degree sexual abuse and second-degree sexual assault of J.W., his wife’s minor granddaughter. The state court sentenced Jackson to 120 months incarceration on the sexual abuse charge and 240 months probation on the sexual assault charge. After the Supreme Court of Arkansas affirmed his convictions, Jackson filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Arkansas, under 28 U.S.C. § 2254, alleging that the trial judge violated Jackson’s constitutional right to present a defense by excluding evidence of the victim’s prior sexual history, pursuant to a rape shield statute, Ark.Code Ann. § 16-42-101 (Repl.1999). The federal district court granted the petition for writ of habeas corpus, and we now reverse.
I. BACKGROUND
On December 21, 2004, fourteen-year-old J.W. and her mother, Regina Barnes, had a talk about sex. Barnes asked J.W. if she had engaged in sexual activity, and J.W. admitted that she had sexual relations with a minor boy at his home when she was twelve or thirteen years old. When Barnes asked J.W. how she got to the boy’s house, J.W. said that Jackson drove her there. J.W. then revealed that Jackson had sexual contact with her several times, beginning when she was seven or eight years old.
At trial, Jackson tried to introduce evidence of J.W.’s sexual contact with the minor boy on the theory that J.W. fabricated the allegations of Jackson’s sexual misconduct in order to deflect her mother’s anger. The trial judge conducted an in camera hearing to determine the admissibility of J.W.’s sexual history, pursuant to the Arkansas rape shield statute. During such a hearing, the court can make a written determination that evidence of a victim’s prior sexual conduct should be admitted, if it is (1) relevant to a fact in issue, and (2) has probative value that outweighs its inflammatory or prejudicial nature. White v. State, 367 Ark. 595, 242 S.W.3d 240, 246 (2006). During the hearing, J.W. and Barnes both testified that when J.W. admitted that she engaged in sexual conduct with the boy, Barnes was mildly upset. Barnes testified, however, that she was not angry with J.W. nor did she threaten to punish her, and that J.W. had no reason to believe that she would be in trouble. The trial court determined that evidence of J.W.’s prior sexual conduct was irrelevant and that its exclusion did not violate Jackson’s right to present a defense.
At trial, J.W. was not able to recall the exact number of her sexual encounters with Jackson, nor the dates of all the *925 alleged assaults, but she testified as to at least ten incidents and was very specific and detailed in her description of them. Jackson also testified, and denied any sexual abuse or assaults of J.W. He said that he and his wife babysat for J.W., and that J.W. was tired of being at his house and disliked performing chores, causing her to fabricate the allegations of sexual assault.
After the jury returned its verdict of guilty, Jackson appealed. The Arkansas Supreme Court affirmed the trial court’s ruling, agreeing that the evidence of J.W.’s prior sexual history was inadmissible under the Arkansas rape shield statute, and lacked relevance to the question of Jackson’s guilt. Jackson v. State of Arkansas, 368 Ark. 610, 249 S.W.3d 127, 130 (2007).
Jackson petitioned for a writ of habeas corpus, arguing that his right to present a defense was impaired in violation of the Sixth and Fourteenth Amendments to the United States Constitution. Jackson v. Norris, 734 F.Supp.2d 606, 611-12 (E.D.Ark.2010). The federal district court granted Jackson’s petition, and this appeal followed, brought in the name of the state official in whose custody Jackson resides.
II. STANDARD OF REVIEW
This court reviews a district court’s legal conclusions de novo, and its factual findings for clear error. Williams v. Norris, 612 F.3d 941, 946 (8th Cir.2010) (citing McGehee v. Norris, 588 F.3d 1185, 1193 (8th Cir.2009), cert. denied, McGehee v. Hobbs, — U.S.-, 131 S.Ct. 1474, 179 L.Ed.2d 314 (2011)), cert. denied, — U.S. -, 131 S.Ct. 1677, 179 L.Ed.2d 622 (2011). Because this appeal presents a question of law, this court reviews de novo the district court’s decision to grant the petition.
A federal court may not grant habeas relief unless the state court’s decision was either contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence adduced in state court. 28 U.S.C. § 2254(d)(l)-(2). The phrases “contrary to” and “unreasonable application of’ in section 2254(d)(1) and (2) have independent meanings. Williams v. Taylor, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A federal court may issue a writ of habeas corpus under the “contrary to” clause if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or reached a decision contrary to Supreme Court precedent when confronting facts that were materially indistinguishable. Id. A federal court may grant relief under the “unreasonable application” clause if the state court correctly identified the governing legal principle, but unreasonably applied it to the facts of the particular case. Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).
Collateral reviews of state-court convictions mandate a highly deferential standard of review for a claim of constitutional error that was adjudicated on the merits in state court. Siers v. Weber, 259 F.3d 969, 972 (8th Cir.2001). A state court’s application of clearly established federal law must be objectively unreasonable, and not merely incorrect, to warrant the granting of a writ of habeas corpus. Bell, 535 U.S. at 694, 122 S.Ct. 1843 (citing Williams, 529 U.S. at 403-04, 120 S.Ct. 1495).
III. DISCUSSION
Under the Arkansas rape shield statute, evidence of the sexual history of a victim can be admitted, following an in camera hearing, if the evidence satisfies a *926 two-prong test. First, the trial judge must determine whether the evidence is relevant to a fact at issue. If so, the trial judge then must determine whether the probative value of the evidence outweighs its prejudicial and inflammatory nature. Here, the Supreme Court of Arkansas reviewed the trial court’s decision to exclude evidence of J.W.’s prior sexual activity, concluding that the evidence was “not related to whether [Jackson] engaged in inappropriate sexual behavior with the minor victim.” Jackson, 249 S.W.3d at 130. The trial court noted that, during the in camera hearing, both J.W. and Barnes testified that Barnes was not angry with J.W. following her revelation of sexual conduct and, therefore, J.W. had no motive to fabricate the allegations of molestation by Jackson. The Arkansas Supreme Court therefore determined that evidence of J.W.’s prior sexual activity was irrelevant and was properly excluded.
The federal district court conducted its own analysis, and determined that the evidence of J.W.’s prior sexual conduct was relevant because “it [was] not the fact that the victim had sexual intercourse with a boy her own age that was relevant, but rather the fact that she first accused [Jackson] of sexual misconduct immediately after revealing to her mother that she had been sexually active.” Jackson, 734 F.Supp.2d at 612.
While the correctness of Arkansas courts’ determination of the relevance of the evidence may be questioned, and while other judges may have reached a different conclusion, the decision of the Arkansas Supreme Court in upholding the evidentiary ruling of the trial court was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1) — (2). Jackson’s constitutional right to present a defense was not impaired, because that right does not extend to the introduction of irrelevant evidence. See Chambers v. Mississippi 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (“[T]he accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.”); Holmes v. South Carolina, 547 U.S. 319, 326, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (“[W]ell-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.”)
IV. CONCLUSION
It was not unreasonable for the Arkansas Supreme Court to determinate that evidence of J.W.’s prior sexual conduct was irrelevant to facts at issue in Jackson’s case. Upon de novo review, the district court’s decision is reversed and Jackson’s petition is denied.