# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3501

_____

Lawrence Arnold,       *

           Appellant,       *

                       *    Appeal from the United States

v.                 *    District Court for the

                       *    Western District of Missouri.

Dave Dormire, Superintendent;    *

Chris Koster,       *

                       *

           Appellees.       *

_____

Submitted: September 23, 2011
Filed: April 3, 2012

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Lawrence Arnold was convicted of attempted escape from confinement, kidnapping, and armed criminal action. He appeals the district court's[1] denial of his petition for habeas corpus relief on two grounds. First, he contends that he was denied effective assistance of counsel at his trial because of trial counsel's failure to request a jury instruction on false imprisonment as a lesser-included offense. Second, he argues that he is entitled to habeas review of claims that were not preserved on his

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

postconviction appeal, because the systematic failure of Missouri's public defender system is "cause" to excuse the procedural default.  We affirm.

I.

Arnold and John Reynolds, both of whom were incarcerated in the Miller County, Missouri, jail, attempted to escape in July of 2004.  They had requested permission to do legal research, thereby gaining access to the "drunk tank" in the booking area. When one of the two desk officers left the area, they asked the remaining officer, Vicky Fields, to make copies from a book for them.  When Fields unlocked the drunk tank to get the book, Arnold and Reynolds rushed out.  Reynolds grabbed Fields around the neck and held a ballpoint pen to her neck.  Fields testified that at this point Arnold told Reynolds to kill her.

Officer John Freeman then entered the booking area from the elevator, whereupon Arnold grabbed him and knocked him to the ground.  Arnold and Reynolds proceeded to kick and beat Freeman until he was unconscious.  Arnold then handcuffed one of Fields's hands and pulled her down the hallway to the deputies' room, where they encountered Sergeant Billy Rising, who saw Arnold open the door to the deputies' room and enter with Fields in front of him, holding a ballpoint pen to her throat.  Rising told Arnold that he could not leave the jail and that he had to put the pen down.  Arnold responded that unless Rising allowed him to leave the jail, "he was going to kill her."  After Rising refused, twice more, to allow Arnold to leave, Arnold left the deputies' room, pulling Fields along with him.

Arnold proceeded up and down the hallway through the booking area numerous times during the next few hours, negotiating with people at the doors on either end.  At some point during this time Reynolds gave up and locked himself in a holding cell.  About three hours after Arnold and Reynolds accosted Fields, the two were taken back into custody.

At trial, Arnold testified that Reynolds had been talking about escaping, but that he did not know Reynolds was planning on attempting escape when they went to conduct their research. Reynolds was the one who had rushed the door and grabbed Fields, and Arnold did not immediately exit the cell. When he did come out he encountered Freeman, who tried to mace him, and they then engaged in a fist fight. Arnold testified that he never held Fields hostage with a pen to her throat or told anyone he would kill her. He did admit that he handcuffed Fields and placed her in front of him when he tried to enter the deputies' room.

A jury convicted Arnold of attempted escape from confinement, kidnapping, and armed criminal action. Arnold was acquitted of other charges of armed criminal action and assault. He was sentenced to life imprisonment plus 280 years. His convictions were affirmed on direct appeal. State v. Arnold, 216 S.W.3d 203 (Mo. Ct. App. 2007).

Arnold then filed a pro se motion for postconviction relief in the state circuit court. Counsel was appointed, and an amended motion was filed. The motion was denied following an evidentiary hearing. On appeal, Arnold's counsel preserved only one of the multiple grounds argued in the circuit court—that his trial counsel had rendered ineffective assistance by failing to request a lesser-included offense instruction. The court of appeals affirmed the denial of Arnold's motion. Arnold v. State, 303 S.W.3d 567 (Mo. Ct. App. 2009).

Arnold next filed a petition for habeas corpus relief in federal district court under 18 U.S.C. § 2254. He argued that (1) the evidence was insufficient to show that a ballpoint pen is dangerous under Missouri law, (2) the evidence was insufficient to show that he used Fields as a hostage, and (3) he was denied effective assistance of counsel because trial counsel failed to request a jury instruction for false imprisonment as a lesser-included offense of kidnapping. Arnold also alleged ten other instances (claims four through thirteen) of ineffective assistance of counsel.

The district court denied relief on claims one, two, and three, and found claims four through thirteen procedurally barred because Arnold did not present them in his postconviction appeal and could not demonstrate cause for his procedural default. D. Ct. Order of Oct. 12, 2010, at 14. The district court granted a certificate of appealability on claim three, as well as on the claim regarding the systematic failure of the Missouri public defender system.

Arnold now appeals the denial of relief on claim three and argues that he can show cause for his procedural default on claims four through thirteen.

II.

A federal court will not grant habeas relief unless a state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision is "contrary to" clearly established federal law if it reaches a conclusion opposite that of the Supreme Court on a question of law, or reaches a decision contrary to the Supreme Court on materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" when it identifies the correct legal rule, but unreasonably applies it to the facts. Id. at 407. "A state court's application of clearly established federal law must be objectively *unreasonable*, not merely incorrect, to warrant the granting of a writ of habeas corpus." Jackson v. Norris, 651 F.3d 923, 925 (8th Cir. 2011) (citing Bell v. Cone, 535 U.S. 685, 694 (2002)).

Arnold contends that he was denied effective assistance of counsel in violation of his Sixth Amendment rights because his counsel failed to request a jury instruction on false imprisonment as a lesser-included offense of kidnapping. To prevail, he must establish that counsel's performance was both deficient and prejudicial.

-4-

Strickland v. Washington, 466 U.S. 668, 687 (1984). That is, counsel's performance must have fallen below "an objective standard of reasonableness," and as a consequence Arnold must have been deprived of a fair trial. Id. at 687-88.

The Missouri Court of Appeals determined that under Missouri law Arnold's trial counsel did not act unreasonably by failing to request the lesser-included offense instruction, because Arnold was not entitled to such an instruction. There is "no obligation to instruct the jury on a lesser-included offense unless a basis exists for acquitting the defendant of the greater offense charged and convicting him of the lesser-included offense." Arnold v. State, 303 S.W.3d 567, 569 (Mo. Ct. App. 2009) (quoting Becker v. State, 260 S.W.3d 905, 910 (Mo. Ct. App. 2008)). The court held that no construction of the facts would have supported a conviction on the charge of false imprisonment and an acquittal on kidnapping.[2] Id. at 568. Either Fields was free to go, as Arnold testified, in which case he was guilty of neither offense, or she was being used as a hostage or shield, in which case he was guilty of kidnapping and not false imprisonment. Id. Arnold's counsel was therefore not ineffective for failing to request an instruction to which Arnold was not entitled. Id. at 569. We do not second-guess the decision of a Missouri state court on Missouri law. Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

Furthermore, even if the failure to give an instruction did constitute a violation of state law, habeas relief can be granted only if the failure "amounted to 'a

---

[2]Under Missouri law "[a] person commits the crime of kidnapping if he or she . . . unlawfully confines another without his or her consent for a substantial period, for the purpose of . . . (2) [u]sing the person as a shield or as a hostage . . . ." Mo. Rev. Stat. § 565.110.1. False imprisonment requires only that the perpetrator "knowingly restrained . . . another unlawfully and without consent so as to interfere substantially with his liberty." Mo. Rev. Stat. § 565.130.1.

fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure.'" Crump v. Caspari, 116 F.3d 326, 327 (8th Cir. 1997) (quoting Hill v. United States, 328 U.S. 424, 428 (1962)). No such fundamental defect exists here. The Supreme Court "has never held that there is a constitutional requirement that lesser-included offense instructions be given in noncapital cases." Carney v. Fabian, 487 F.3d 1094, 1097 (8th Cir. 2007). The denial of habeas relief on this ground is affirmed.

## III.

Arnold's second argument is that we should allow him to pursue the other ineffective assistance of counsel claims he raised in his original state postconviction proceeding. As set forth above, the district court denied these claims as procedurally barred from federal habeas review because of Arnold's failure to present them in the Missouri Court of Appeals. Arnold argues that his counsel's failure to do so stemmed from the systematic failure of the Missouri public defender system, which, he argues, is cause to excuse his procedural default.

On appeal from denial of habeas corpus relief we review *de novo* a finding of procedural default. Murphy v. King, 652 F.3d 845, 849 (8th Cir. 2011). "Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." Beaulieu v. Minnesota, 583 F.3d 570, 573 (8th Cir. 2009) (quoting Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988)). In Missouri, "a claim must be presented 'at each step of the judicial process' in order to avoid default." Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)).

A state prisoner who defaults on his federal claims in state court because of a state procedural rule is barred from federal habeas unless the prisoner can show cause

and prejudice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Cause must be "something *external* to the petitioner, something that cannot fairly be attributed to him."  Id. at 753; see also Maples v. Thomas, 565 U.S. ___, ___ (2011) (slip op., at 21) (holding that counsel's abandonment of petitioner in the postconviction proceedings of a capital case constituted "ample cause" to excuse default).  The Supreme Court recently held in Martinez v. Ryan that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. ___, ___ (2012) (slip op., at 15).  Martinez offers no support, however, for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause.

The Martinez Court recognized that "Coleman held that an attorney's negligence in a postconviction proceeding does not establish cause," and characterized its holding in Martinez as a "limited qualification" to that rule.  Id. at 12.  The Court noted the reality that when an "initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim . . . the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal . . . ."  Id. at 8.

The Court made clear that the holding in Martinez did not "concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings . . . ."  Id. at 13.  Martinez's counsel had failed to raise ineffective assistance of counsel claims in Martinez's initial state habeas petition, the first chance Martinez had to litigate such claims.  Id. at 2-3.  Like Arizona law, Missouri law does not allow a claim for ineffective assistance of counsel to be raised on direct appeal.

State v. Wheat, 775 S.W.2d 155, 157 (Mo. banc 1989), overruled on other grounds by Joy v. Morrison, 254 S.W.3d 885 (Mo. banc 2008). Unlike Martinez, however, Arnold does not claim that his counsel in his initial-review collateral proceeding was ineffective. Arnold's multiple ineffective assistance claims were litigated in his initial-review collateral proceeding, but not preserved on appeal. Thus, unlike Martinez, Arnold has already had his day in court; deprivation of a second day does not constitute cause.

The Missouri public defender system may well be under a great deal of stress. But there is no evidence that the alleged systematic failure of the public defender system affected the performance of Arnold's counsel. Furthermore, any error by postconviction appellate counsel would not constitute cause to excuse Arnold's procedural default.

IV.

The order denying the petition is affirmed.

_____