# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2012

Lyle W. Cayce
Clerk

No. 11-70031

RAMIRO RUBI IBARRA,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:02-cv-52

O R D E R:

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

EDITH H. JONES, Chief Judge:

The Court has considered Ramiro Rubi Ibarra's motion to vacate the district court's judgment denying his petition for habeas corpus relief in light of the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012). We DENY his motion.

Ibarra petitioned the district court for postconviction relief on 11 issues, which the district court denied, several of which as defaulted. Currently pending in this court is his application for a COA on three issues. Ibarra's current motion argues that Martinez invalidates the district court's conclusion that

Ibarra procedurally defaulted these COA issues: (1) an ineffective-assistance-of-trial-counsel claim; (2) a claim of mental retardation under Atkins v. Virginia, 536 U.S. 304, 122 S. Ct. 2242 (2002); and (3) a claim that the prosecution violated his rights under the Vienna Convention on Consular Relations ("VCCR"). We may readily dismiss these latter two claims, as Martinez, by its terms, applies only to ineffective-assistance-of-trial-counsel claims. Martinez, 132 S. Ct. at 1311-12. Martinez is also limited, again by its own express terms, to "initial-review collateral proceedings," which it defines as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." Id. at 1315. Other courts have rejected entreaties to expand Martinez, and we do the same. See, e.g., Arnold v. Dormire, 675 F.3d 1082 (8th Cir. Apr. 3, 2012) (declining to extend Martinez to claims of ineffective assistance in appeals from initial-review collateral proceedings); Hunton v. Sinclair, 2012 WL 1409608, at *1 (E.D. Wash. Apr. 23, 2012) (declining to extend Martinez to Brady claims); Sherman v. Baker, 2012 WL 993419, at *18 (D. Nev. Mar. 23, 2012) (declining to extend Martinez beyond ineffectiveness claims).

The district court concluded that Ibarra defaulted his ineffective-assistance-of-trial-counsel claim by first presenting it in his fourth state petition for habeas relief. Ibarra now argues that his initial habeas counsel was also ineffective, thereby excusing his procedural default in presenting his underlying ineffective assistance claim. A short summary of the facts underpinning Ibarra's allegedly deficient representation suffices. Ibarra claims his trial counsel "virtually abandoned their duty to prepare for sentencing," focusing instead on an innocence defense. Ibarra argues that trial counsel's failure to present more than two social history witnesses — Ibarra's wife and one of his siblings — rendered his sentencing-phase assistance constitutionally deficient. Following conviction, Ibarra was then appointed new counsel for his first state habeas

petition, who raised only a purported Lackey claim[1] predicated on pre-indictment delays. The state trial court denied relief, and the Texas Court of Criminal Appeals ("TCCA") affirmed. Ex parte Ibarra, No. 48,832-01 (Tex. Crim. App. Apr. 4, 2001) (unpublished).

Until recently, this court's precedent foreclosed Ibarra's argument. See, e.g., Martinez v. Johnson, 255 F.3d 229, 239-40 (5th Cir. 2001). A habeas petitioner must demonstrate cause — objectively external to his defense — and prejudice to overcome a regularly applied state procedural default, which ordinarily bars federal habeas review of a defaulted issue. Coleman v. Thompson, 501 U.S. 722, 746-47, 111 S. Ct. 2546, 2562-63 (1991).

But, as Ibarra notes, the Supreme Court recently recognized a "limited qualification to Coleman" in Martinez. Martinez, 132 S. Ct. at 1319. In Martinez, a defendant, represented by counsel, was convicted of sexual conduct with a minor based in part on expert testimony regarding child-abuse accusations and recantations. Id. at 1313. The state of Arizona appointed new counsel for the defendant's direct appeal. Appellate counsel pursued myriad claims unsuccessfully, but Arizona law required defendants to bring ineffectiveness of counsel claims only in post-conviction proceedings rather than on direct appeal. Id. at 1314. Appellate counsel initiated such a proceeding under Arizona procedures, but elected not to pursue an ineffectiveness claim against trial counsel; she ultimately filed a statement with the court that she found no colorable issue appropriate for post-conviction relief. Id. Martinez attempted to petition for post-conviction relief a year and a half later in state court, claiming trial counsel ineffectiveness. Id. The state habeas court

---

[1] A Lackey claim asserts violation of the Eighth Amendment if a prisoner remains on death row too long. Lackey v. Texas, 514 U.S. 1045, 115 S. Ct. 1421 (1995) (mem.) (Stevens, J., respecting denial of cert.).

dismissed Martinez's petition under its rule refusing to consider claims in subsequent petitions that could have been raised in earlier ones. Id.

Martinez began anew in federal court, again raising his IAC claims. Id. Martinez acknowledged his procedural default, but sought to avoid the familiar bar to federal review by alleging his habeas counsel's ineffectiveness as cause for his default. Id. at 1314-15. While leaving open the constitutional question "whether a prisoner has a right to effective counsel in collateral proceedings" that provide "the first occasion" to raise a trial-counsel-ineffectiveness claim, the Supreme Court established a "narrow exception" to the Coleman rule that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as a cause to excuse a procedural default." Id. at 1315. The Court distinguished Arizona's procedures for ineffectiveness claims from other post-conviction proceedings by noting that Arizona ineffectiveness claims roughly equate to direct review of ineffectiveness claims. Id. at 1311-12. The Court specifically noted that Arizona habeas courts "look[] to the merits of" the ineffectiveness claim, that no other court prior to the collateral proceeding has addressed the claim, and that prisoners pursuing initial review pro se are especially disadvantaged due to the lack of counsel's briefs or a court's opinion addressing their claims. Id. at 1312. The Court justified this ineffectiveness-specific exception based on the importance of counsel to the adversarial criminal process. Id. (citing the right to effective counsel as "bedrock").

Martinez, by its own terms, therefore establishes a specific and narrow exception to the Coleman doctrine; it reiterates this not merely once, but again and again, as the Court repeatedly (and exclusively) refers to the scenario of a state in which collateral review is the first time a defendant may raise a claim of ineffective assistance of counsel. Thus, the phrase "initial-review collateral proceeding" is a specifically defined term referring to states like Arizona in which a defendant is prevented from raising counsel's ineffectiveness until he

pursues collateral relief (normally bereft of a right to counsel). Martinez defines the legal issue that it addresses as follows: "[Coleman] left open, and the Court of Appeals in this case addressed, a question of constitutional law: whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial. These proceedings can be called, for purposes of this opinion, 'initial-review collateral proceedings.'" Martinez, 132 S. Ct. at 1315 (emphasis added). Reinforcing this definition, the Court states: "The State of Arizona does not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review. Instead, the prisoner must bring the claim in state collateral proceedings." Martinez, 132 S. Ct. 1309, 1313 (2012). "Where, as here, the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." Id. at 1317. "From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington." Id. at 1318 (emphasis added) (citation omitted). Finally, "The rule of Coleman governs in all but the limited circumstances recognized here . . . . It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a

prisoner to raise a claim of ineffective assistance at trial . . . ." Id. at 1320 (emphasis added).[2]

When a state diverts ineffectiveness claims to collateral proceedings that function as the prisoner's first opportunity to assert those claims, a prisoner who can demonstrate that he was either unrepresented in that collateral proceeding or that his initial habeas counsel performed ineffectively thereby establishes "cause" for purposes of Coleman's cause-and-prejudice framework to forgive a state procedural default. Martinez goes on to describe the parameters of a "prejudice" showing. The result of Martinez is to allow petitioners in these narrowly described cases to urge their claims of ineffective trial (and habeas) counsel in federal court.

No published opinion from this court has yet considered Martinez's applicability to Texas cases. To ascertain Martinez's applicability to Texas procedures, it is useful to describe Arizona's habeas procedures more carefully. Arizona bars initial review of ineffectiveness claims outside of collateral proceedings. Arizona's collateral-review proceedings — "Rule 32 proceedings" — have predominated Arizona ineffectiveness adjudication since at least 1989, when the Arizona Supreme Court recommended ineffectiveness claims be raised under Rule 32. State v. Valdez, 770 P.2d 313, 319 (Ariz. 1989). Yet Arizona practitioners continued to raise ineffectiveness claims on direct appeal. As Rule 32 motions could either follow direct appeals or proceed contemporaneously with direct appeals, these ineffectiveness proceedings were sometimes consolidated on direct appeal, only to be remanded to the trial court. State v. Spreitz, 39 P.3d 525, 526-27 (Ariz. 2002). In 2002, the Arizona Supreme

---

[2] Had the Court sought to craft a general exception to Coleman for claims of ineffective trial counsel, it would have said: "inadequate assistance of counsel at initial-review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Instead, the court said: "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 132 S. Ct. at 1315.

6

Court "clarif[ied]" this "murky" procedure by instructing appellate courts to disregard ineffectiveness claims on direct appeal, regardless of merit. Id. at 527. Arizona's Rule 32 proceedings remained the exclusive venue for developing an ineffectiveness record; at least one Arizona appellate court has expressly disapproved using motions for a new trial to develop ineffectiveness claims in favor of the Rule 32 procedure. See State v. Williams, 819 P.2d 962, 964 (Ariz. Ct. App. 1991).

Contrast these procedures with Texas's rules governing ineffectiveness claims. The TCCA made clear that a state habeas petition is the preferred vehicle for developing ineffectiveness claims. Robinson v. State, 16 S.W.3d 808, 809-10 (Tex. Crim. App. 2000). Yet Texas defendants may first raise ineffectiveness claims before the trial court following conviction via a motion for new trial, when practicable, and the trial court abuses its discretion by failing to hold a hearing on an ineffectiveness claim predicated on matters not determinable from the record. Holden v. State, 201 S.W.3d 761, 762-63 (Tex. Crim. App. 2003). A prisoner who develops such a record through a new trial motion can of course pursue the denial of an ineffectiveness claim through direct appeal, but the TCCA has indicated that a new trial motion is neither a sufficient nor necessary condition to secure review of an ineffectiveness claim on direct appeal. Indeed, an ineffectiveness claim may simply be raised on direct appeal without the benefit of a motion for new trial. Robinson, 16 S.W.3d at 813. As a result, both Texas intermediate courts and the TCCA sometimes reach the merits of ineffectiveness claims on direct appeal. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). Where they do not, Texas habeas procedures remain open to convicted defendants. Ex parte Nailor, 149 S.W.3d 125, 129, 131 (Tex. Crim. App. 2004). In short, Texas procedures do not mandate that ineffectiveness claims be heard in the first instance in habeas proceedings,

and they do not by law deprive Texas defendants of counsel-and court-driven guidance in pursuing ineffectiveness claims.

Accordingly, Ibarra is not entitled to the benefit of Martinez for his ineffectiveness claims, as Texas procedures entitled him to review through counselled motions for new trial and direct appeal. We therefore DENY Ibarra's motion to vacate the district court's judgment. This disposition does not affect our consideration of the pending COA application.

MOTION DENIED.

GRAVES, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that Ramiro Rubi Ibarra's motion to vacate should be denied, as he presently has an application for a certificate of appealability (COA) pending before this Court. Further, as the Government asserts, the motion is an "improper procedural vehicle" for obtaining the relief he seeks because this relief is not available until a decision is made on the COA. However, the majority denies the motion to vacate based on its interpretation and application of Martinez v. Ryan, 132 S. Ct. 1309 (2012), and its finding that Martinez does not apply to Texas. Therefore, I respectfully concur in part and dissent in part.

As the majority states, Martinez recognizes a limited exception to Coleman v. Thompson, 501 U.S. 722, 746-47, 111 S. Ct. 2546, 2562-63 (1991). Specifically, in Martinez, the Court said:

> To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in Coleman that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default. This opinion qualifies Coleman by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.

Id. at 1315. (Emphasis added).

To find that Ibarra could not be one of those prisoners with a potentially legitimate claim of ineffective assistance of trial counsel that Martinez proposes to protect, one must read the above use of "initial-review collateral proceedings" to mean state-mandated initial-review collateral

9

proceedings rather than rely on the literal definition of an "initial-review collateral proceeding."[1]  Yet the Court did not include "state-mandated" or any such phrase in pronouncing this exception.  The Court also did not exclude the application of this equitable exception to prisoners like Ibarra, who raised IAC claims in a collateral proceeding as strongly suggested by the state.  Yet the Court specifically excluded "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."  Martinez, 132 S.Ct. at 1320.  While Martinez does repeatedly refer to the applicable Arizona requirement, it is an Arizona case, and, of course, the narrow exception set out above would apply to a state such as Arizona which requires that IAC claims are raised collaterally.

Moreover, as stated by the majority, the Supreme Court specifically noted that Arizona habeas courts look to the merits of the ineffectiveness claim, that no other court prior to the collateral proceeding has addressed the claim, and "defendants pursuing first-tier review . . . are generally ill equipped to represent themselves because they do not have a brief from counsel or an opinion of the court addressing their claim of error."  Id. at 1317.[2]  (Internal marks omitted).  That is exactly the situation with Ibarra.  The Texas habeas court would have been the first court to look to the merits

---

[1] The majority quotes language from Martinez's discussion of Coleman regarding a definition of "initial-review collateral proceedings" included in the Supreme Court's statement of the constitutional issue that the majority concedes the Supreme Court left open: "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial."  Martinez, 132 S.Ct. at 1315.  That "definition" does not include any language such as state-mandated.  Further, that "definition" supports the proposition that Martinez applies to Ibarra as, based on the preference of the State of Texas, his first habeas proceeding would be one of the "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial."

[2] The majority's citation is to the syllabus rather than the actual opinion.

of his ineffective assistance of trial counsel claim.  As to the third factor above, Ibarra and Martinez were both represented by counsel, but the Supreme Court extended the exception both to unrepresented and represented defendants.  Martinez, 132 S.Ct. at 1318.

The Supreme Court unequivocally made an "equitable ruling" creating an exception to a default in instances with and without counsel.  In an "equitable ruling," there is no practical or legal way to distinguish between a prisoner asserting that his initial-review collateral proceeding counsel was ineffective for failing to assert an ineffective-assistance-of-trial-counsel claim in a state that requires the claim to be raised collaterally and a state that strongly suggests that the claim should be raised collaterally.  In both instances the claim would properly be raised collaterally.  The only reasonable distinction between the two would be in the context of a constitutional ruling, which is not what the Supreme Court made.  And, as the Supreme Court says, the purpose of the exception is to "protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel."

Texas, like Louisiana, Mississippi, Alabama, and others, is not a state where you must raise IAC claims in collateral proceedings, although it is the preferred and encouraged method of raising IAC claims.  Notwithstanding that Texas does not require IAC claims to be raised in a motion for new trial or on direct appeal but does require that they must be raised no later than the initial collateral proceeding, there clearly are instances where a collateral proceeding will be the "first occasion" to legitimately raise a claim of ineffective assistance of trial counsel in Texas.  That "first occasion" would necessarily be an "initial review."  Ibarra's case appears to be one of those occasions.

Based on the interpretation of the application of Martinez, the majority is finding that Ibarra is not entitled to the benefit of Martinez because "Texas procedures entitled him to review through counselled motions for new trial and direct appeal." The majority also states, "[f]ollowing conviction, Ibarra was then appointed new counsel for his state habeas petition, who raised only a purported Lackey claim. . . ." Based on the interpretation of the application of Martinez, the majority is finding that Ibarra has defaulted on any claim of ineffective assistance of trial counsel that state habeas counsel failed to raise in his initial state habeas petition because Texas allowed said claimed ineffective trial counsel to raise his own ineffectiveness in a motion for new trial or on direct appeal. Overlooking the fact that failing to raise his own ineffectiveness could possibly be a basis for an IAC claim, it is not equitable to find that Ibarra has defaulted on a claim of ineffective assistance of counsel because his claimed ineffective counsel did not prematurely raise said claim when clearly not practicable.

With regard to cited cases, the majority cites Arnold v. Dormire, 675 F.3d 1082 (8th Cir. Apr. 3, 2012), as a basis for not "expanding" Martinez. Arnold was an appeal from an initial-review collateral proceeding. This is not an appeal from an initial-review collateral proceeding. Hunton v. Sinclair, 2012 WL 1409608, at *1 (E.D. Wash. Apr. 23, 2012), was a Brady claim. This is an IAC claim. Also, Sherman v. Baker, 2012 WL 993419, at *18 (D. Nev. Mar. 23, 2012), actually said that to the "extent that Sherman claims ineffective assistance of post-conviction counsel prevented him from presenting any of his claims in compliance with Nevada's procedural rules, the Court in Martinez made clear that post-conviction counsel's ineffectiveness can serve as cause only with respect to claims of ineffective assistance of counsel at trial." Id. That is exactly the situation here - Ibarra's underlying claim is ineffective assistance of trial counsel, the merits of which

would be decided pursuant to his application for a COA. Also, notably, it appears that Nevada, like Texas, allows ineffective assistance of counsel to be raised on direct appeal. McConnell v. State, 212 P.3d 307, 314 (Nev. 2009). See also Nev. Rev. Stat. 34.810.

Additionally, the Ninth Circuit in Leavitt v. Arave, 2012 WL 1995091 (9th Cir. June 1, 2012), found that Idaho's unique post-conviction procedure for capital defendants requiring that any claim of ineffective assistance of trial counsel must be raised in a post-conviction action that is then litigated before the direct appeal was the "'initial-review collateral proceeding' as to those claims about which Martinez speaks." Id. at *8. The Ninth Circuit left open the question of whether Martinez would apply to non-capital matters.

Even more relevant is this Court's handling of Martinez in the unpublished opinion of Lindsey v. Cain, 2012 WL 1366040 (5th Cir. Apr. 19, 2012).[3] In Lindsey, this Court granted a COA and remanded for further proceedings in light of Martinez, saying:

> When a state, like Louisiana, requires that a prisoner raise an
> ineffective assistance of counsel claim on collateral review, a
> prisoner can demonstrate cause for the default in two
> circumstances: (1) "where the state courts did not appoint counsel
> in the initial-review collateral proceeding for a claim of ineffective
> assistance at trial" and (2) "where appointed counsel in the
> initial-review collateral proceeding, where the claim should have
> been raised, was ineffective under the standards of Strickland [v.
> Washington, 466 U.S. 668 (1984)]." Id. at *8 (citation omitted).
> Further, the prisoner must also show that "the underlying
> ineffective-assistance-of-trial-counsel claim is a substantial one,

---

[3] This unpublished case and others are mentioned to demonstrate how this Court and others have applied Martinez.

which is to say that the prisoner must demonstrate that the claim has some merit.

Id. at *1.

Louisiana, like Texas, allows a prisoner to raise ineffective assistance of counsel on direct appeal "when the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal." State v. Brashears, 811 So.2d 985 (La. App. 5 Cir. 2002). See also State v. Williams, 738 So.2d 640, 651-652 (La. App. 5 Cir. 1999) ("Ineffective assistance of counsel claims are most appropriately addressed on application for post conviction relief, rather than on direct appeal, so as to afford the parties adequate opportunity to make a record for review. However, when an ineffective assistance claim is properly raised by assignment of error on direct appeal and the appellate record contains sufficient evidence to evaluate the claim, the reviewing court may address the ineffective assistance claim in the interest of judicial economy.").

In Adams v. Thaler, --- F.3d ----, 2012 WL 1415094 (5th Cir. April 25, 2012), a case where the prisoner reasserted ineffective assistance of counsel in a successive habeas petition after the district court found that he had procedurally defaulted under Coleman, this Court said:

> Although we need not, and do not, address the impact of Martinez on the Texas habeas landscape, we note that Texas does not require a defendant to raise an ineffective assistance of trial counsel claim only in state habeas proceedings, see Lopez v. Texas, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011), and that ineffective assistance claims (particularly those, like Adams's claim, involving trial counsel's failure to object to jury

14

instructions) are often brought on direct appeal, with mixed success.

Id. at *3, n.4.

In Cantu v. Thaler, --- F.3d. ----, 2012 WL 1970364 (5th Cir. June 1, 2012), on remand from the Supreme Court, this Court remanded to the district court "so that the district court may decide in the first instance the impact of Martinez v. Ryan on Cantu's contention that he had cause for his procedural default." Id.[4]

In analyzing the application of Martinez in Brown v. Thaler, --- F.3d ----, 2012 WL 2107238 (5th Cir. 2012), this Court said:

> The Supreme Court's recent decision in Martinez v. Ryan, does not assist Brown's argument. In Martinez, the Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." The Texas Court of Criminal Appeals did not find Brown's ineffective assistance claim to be procedurally defaulted, but instead considered the claim on the merits.

Id. at *15, n. 4.

In Williams v. Alabama, 2012 WL 1339905 (N.D.Ala. April 12, 2012), the district court found that Williams demonstrated cause under Martinez to overcome procedural default of his ineffective assistance of counsel claim. The court ultimately denied the claim for ineffective assistance of counsel

---

[4] The Supreme Court also remanded Newbury v. Thaler, 132 S.Ct. 1793 (March 26, 2012), for consideration of Martinez. Further, this is not an exhaustive list of cases analyzing the application of Martinez.

because Williams failed to demonstrate prejudice or that his claim had merit. The fact that the Alabama district court found Martinez applicable is significant because Alabama, like Texas, Louisiana, and Mississippi, does not require a claim for ineffective assistance of counsel to be raised collaterally. Specifically, the Alabama rule says:

> Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable. In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition.

Ala. R. Cr. P. 32.2(d).

Thus, various courts, including a panel of this Court, have decided the application of Martinez differently than the majority. To be clear, this has no bearing on whether Ibarra has a substantial claim of ineffective assistance of trial counsel, as any review of the merits of his claims would be conducted pursuant to his application for a COA. I am not convinced that it is correct to foreclose the possible application of an "equitable ruling" to Texas prisoners with potentially legitimate claims of ineffective assistance of trial counsel. Therefore, I respectfully concur in part and dissent in part.