**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-7270

JOEY H. JOHNSON,

            Petitioner – Appellant,

      v.

WARDEN OF BROAD RIVER CORRECTIONAL INSTITUTION,

            Respondent – Appellee,

      and

STATE OF SOUTH CAROLINA; WILLIAM R. BYARS, SCDC Director,

            Respondents.

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  J. Michelle Childs, District Judge.
(1:11-cv-02754-JMC)

Submitted:  February 28, 2013      Decided:  March 8, 2013

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joey H. Johnson, Appellant Pro Se.  William Edgar Salter, III,
Assistant  Attorney  General,  Donald  John  Zelenka,  Senior
Assistant  Attorney  General,  Columbia,  South  Carolina,  for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joey H. Johnson appeals from the district court's order adopting the report and recommendation of the magistrate judge and denying Johnson's 28 U.S.C. § 2254 (2006) petition. We previously granted a certificate of appealability on the issues of whether, in light of Martinez v. Ryan, 132 S. Ct. 1309 (2012), (1) the trial court erred in failing to place the case in abeyance to permit Johnson to exhaust his claim that he received ineffective assistance of counsel when his trial counsel failed to file a requested notice of appeal or (2) Johnson showed sufficient cause for his failure to exhaust this claim. After further briefing, we affirm.

The question before us is whether Johnson can show cause for his failure to exhaust based upon the ineffective assistance of counsel during his postconviction proceeding. The Martinez court characterized its holding as a "limited qualification" to the rule in Coleman v. Thompson, 501 U.S. 722, 752-53 (1991), that an attorney's negligence in a postconviction proceeding does not establish cause for procedural default. The Court noted the reality that when an "initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance of trial counsel, the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal . . . ." Martinez, 132 S. Ct. at 1317.

3

Accordingly, while ineffective assistance in initial-review collateral proceedings might constitute cause for failure to exhaust certain claims, the Martinez rule did not "concern attorney errors in other kinds of proceedings including appeals from initial-review collateral proceedings . . . ." Id. at 1320.

Thus, even assuming that Johnson could raise his instant ineffective assistance claim for the first time only in his state postconviction proceeding, he was represented by counsel at his postconviction hearing, and his claim was properly exhausted at that hearing. Instead, Johnson is asserting that his attorney improperly failed to preserve his ineffective assistance claim on appeal from the denial of his postconviction petition. However, Martinez assures that Johnson got a day in court at his original postconviction hearing; "deprivation of a second day [i.e. an appeal] does not constitute cause." Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012).

Accordingly, because Johnson alleges only ineffective assistance of appellate postconviction counsel, his allegations do not constitute cause for his failure to exhaust under the limited exception in Martinez. Instead, his claims fall under the general Coleman rule that ineffective assistance of postconviction counsel cannot constitute cause for procedural

4

default.  As such, the district court correctly declined to stay the case pending Johnson's attempt to exhaust in a second postconviction petition.

We thus affirm the district court's judgment.  We deny Johnson's motion for appointment of counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED