# United States Court of Appeals
### For the Eighth Circuit

_____

No. 02-3103

_____

Andrew Sasser

*Petitioner - Appellant*

v.

Ray Hobbs, Director, Arkansas Department of Corrections

*Respondent - Appellee*

_____

No. 11-3346

_____

Andrew Sasser

*Petitioner - Appellant*

v.

Ray Hobbs, Director, Arkansas Department of Corrections

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: December 13, 2013
Filed: February 26, 2014

_____

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.

_____

RILEY, Chief Judge.

The State of Arkansas's petition for panel rehearing is predicated on a misreading of our opinion and a mischaracterization of the record. It should be clear the district court, on remand, must consider whether "[Andrew] Sasser's state postconviction counsel fail[ed] to raise the[] four [potentially meritorious] ineffectiveness claims." Sasser v. Hobbs, 735 F.3d 833, 853 (8th Cir. 2013). It should equally be clear that Sasser's "postconviction counsel's *alleged* ineffectiveness" will excuse procedural default only "if proved." Id. (emphasis added). Far from determining Sasser has affirmatively overcome the procedural bar, our opinion recognizes we cannot presently determine whether these four claims remain procedurally barred in light of Trevino v. Thaler, 569 U.S. ___, 133 S. Ct. 1911 (2013).

Our opinion therefore vacates the procedural default determination and remands for the district court to decide the two-part Trevino question in the first instance, after giving Sasser an opportunity to present evidence in support of his argument the four claims are no longer procedurally barred. This hearing will necessarily address the underlying merits of the four claims because, unless postconviction counsel's failure to raise a claim was prejudicial, the claim remains procedurally barred despite Trevino. See Strickland v. Washington, 466 U.S. 668, 687 (1984). On remand, the State is free to argue Sasser's postconviction counsel fully raised the four claims, see Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir.

2012), just as Sasser is free (1) to argue the State forfeited this argument or is estopped from relying upon it, and (2) to show substantial and decisive factual differences between these four claims and the purportedly similar postconviction claims emphasized by the State.

Because we do not consider it appropriate in this capital case to decide such fact-intensive questions for the first time on appeal, we deny the State's petition for rehearing by the panel.

_____