Andrew SASSER, Appellant

v.

Ray HOBBS, Director, Arkansas
Department of Corrections,
Appellee.

Andrew Sasser, Appellant

v.

Ray Hobbs, Director, Arkansas
Department of Corrections,
Appellee.

Nos. 02–3103, 11–3346.

United States Court of Appeals,
Eighth Circuit.

March 13, 2014.

Scott Braden, Assistant Federal Public Defender, Deborah Anne Czuba, Federal Public Defender's Office, Little Rock, AR, for Appellant.

Andrew Sasser, Grady, AR, pro se.

Kelly Hook Fields, Attorney General's Office, Little Rock, AR, for Appellee.

Judge COLLOTON would grant the petition for rehearing en banc.

Judge SMITH and Judge SHEPHERD did not participate in the consideration or decision of this matter.

## ORDER

COLLOTON, Circuit Judge, dissenting from denial of rehearing en banc.

The petition for rehearing *en banc* is denied. The petition for panel rehearing is also denied. *See* panel supplemental opinion dated February 26, 2014.

Andrew Sasser murdered Jo Ann Kennedy on July 12, 1993. That was more than twenty years ago. The jury recommended a sentence of death, and Sasser was sentenced to death by lethal injection. The Supreme Court of Arkansas affirmed the judgment in 1995. *Sasser v. State,* 321 Ark. 438, 902 S.W.2d 773, 779 (1995). Sas-

ser sought postconviction relief in state court, which was denied, and the Supreme Court of Arkansas affirmed that denial in July 1999. *Sasser v. State*, 338 Ark. 375, 993 S.W.2d 901, 903 (1999). Sasser then sought a writ of habeas corpus in federal court, and the district court denied relief in May 2002. Sasser filed a notice of appeal in this court in August 2002. *After more than eleven years*, in November 2013, a panel of this court finally ruled on Sasser's appeal, and the resolution was to remand the case for still further proceedings in the district court. *Sasser v. Hobbs*, 735 F.3d 833, 854 (8th Cir.2013). I would grant rehearing en banc to consider whether more delay is warranted in the resolution of this case.

Much of the delay in resolving Sasser's appeal is attributable to this court's questionable orders remanding the case for further proceedings in light of *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). Well before *Atkins*, Arkansas provided that no defendant with mental retardation at the time of committing capital murder could be sentenced to death. *See Atkins*, 536 U.S. at 314 & n. 12, 122 S.Ct. 2242; Ark.Code § 5–4–618. Despite this bar on the execution of mentally retarded offenders in Arkansas, Sasser raised no claim of mental retardation until years after his conviction and sentence were affirmed on direct appeal. The panel in this appeal remands the case yet again for further proceedings on the issue of mental retardation. Whether Sasser procedurally defaulted his challenge to the sentence based on mental retardation continues to be a question of exceptional importance that warrants en banc review. *See Sasser v. Norris*, No. 07–2385, 2009 WL 9160770 (8th Cir. Apr. 14, 2009) (opinion dissenting from 5–4 denial of rehearing en banc).

In resolving the 2002 appeal, the panel considered several claims of ineffective assistance of trial counsel. The district court concluded that these claims were procedurally defaulted because Sasser failed to present and develop his claims in state court through the highest available appellate court. The panel did not say that the district court's procedural default ruling was wrong, but nonetheless summarily remanded four of these claims to the district court for an evidentiary hearing. 735 F.3d at 851. The cited reason for the remand was the Supreme Court's decisions in *Martinez v. Ryan*, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and *Trevino v. Thaler*, —— U.S. ——, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013). These cases held that a federal habeas court may excuse a procedural default of a substantial ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding.

In its order denying rehearing, the panel explains that one purpose of the remand is for the district court to determine whether Sasser properly presented the four ineffective-assistance claims in the state postconviction proceeding. *Sasser v. Hobbs*, Nos. 02–3103/11–3346, 743 F.3d 1151, 1152, 2014 WL 764171, at *1 (8th Cir. Feb. 26, 2014) (order denying rehearing by the panel). Whether the claims were properly presented in state court, however, is not a matter for an evidentiary hearing. The state court record already exists, and a review of that record and Sasser's present federal claims will determine the question. With more than eleven years having elapsed since the district court's ruling on procedural default, this court should do the work necessary to determine whether there is any basis to reverse the district court's decision.

The petition that Sasser filed in his state postconviction proceeding pursuant to Arkansas Criminal Procedure Rule 37, moreover, suggests strongly that some or all of the claims cited by the panel were properly presented in the initial-review collateral proceeding, such that *Martinez* and *Trevino* are inapplicable:

* The panel remands on a claim that "trial counsel ineffectively failed to ... [o]btain a timely psychological evaluation of Sasser." 735 F.3d at 851. In his second amended Rule 37 petition, however, Sasser asserted that "[c]ounsel failed to request assistance of a psychological expert in sufficient time for her to prepare a proper evaluation." Sasser's Second Amended Rule 37 Petition, at 12.

* The panel remands on a claim that "trial counsel ineffectively failed to ... [m]eaningfully consult with a mental health professional." 735 F.3d at 851. Sasser's second amended Rule 37 petition asserted, however, that *"[c]ounsel also failed to consult meaningfully with [psychological expert] Ms. Carlson prior to trial* and as a result, relevant mitigating evidence was inadequately presented, as demonstrated by the fact that the jury did not find that evidence of any mental disease/defect was presented, when in fact there was." Sasser's Second Amended Rule 37 Petition, at 13 (emphasis added).

* The panel remands on a claim that "trial counsel ineffectively failed to ... [o]bject when the prosecutor misconstrued the mitigating evidence that the defense had presented concerning Sasser's mental impairment and lessened culpability or to rebut that argument." 735 F.3d at 851. Sasser's second amended Rule 37 petition, however, alleged that "[c]ounsel failed to counter the State's erroneous char-

acterization of the role of mental disease/defect in penalty mitigation," and elaborated as follows: "The State argued to the jury that the evidence of Sasser's mental disease should not be considered in the penalty phase because had there been such evidence, it would have been raised as a defense in the guilt phase. *Not only did counsel fail to object to this incorrect argument but he also failed in his closing argument even to address the point."* Sasser's Second Amended Rule 37 Petition, at 18 (emphasis added).

* The panel remands on a claim that "trial counsel ineffectively failed to ... [p]repare for the sentencing phase of the trial." 735 F.3d at 851. In Sasser's second amended Rule 37 petition, he argued some failures to prepare at the sentencing phase: "Counsel failed to prepare for his expert's testimony and was unable to adequately present compelling evidence of mitigating circumstances," and "[c]ounsel failed to investigate for the penalty phase and to call additional witnesses to adduce evidence of relevant mitigating factors." Sasser's Second Amended Rule 37 Petition, at 16–17.

If the record shows that Sasser's ineffective-assistance claims were properly presented in the initial-review collateral proceeding, but abandoned on appeal, then *Martinez* and *Trevino* are inapplicable. *Arnold v. Dormire,* 675 F.3d 1082, 1087 (8th Cir.2012). I would grant rehearing to decide this issue directly without further delay.

Rehearing also would provide an opportunity to address significant federalism issues raised by the panel opinion. The panel opinion suggests that if an ineffec-

tive-assistance claim was not properly presented in the initial-review collateral proceeding, then the district court should proceed with an evidentiary hearing on the merits of that claim in federal court, *even though the claim has never been presented and exhausted in state court. Martinez* and *Trevino* do not establish that proposition. In *Martinez,* the petitioner had presented his claims in state court, and the state court deemed them defaulted and thus exhausted. *Martinez,* 132 S.Ct. at 1314. In *Trevino,* the federal habeas petition claimed for the first time that the petitioner had not received constitutionally effective counsel at trial, so the district court followed the stay-and-abeyance procedure of *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), and permitted the petitioner to present the unexhausted claim to the state courts. *Trevino,* 133 S.Ct. at 1916. After the state courts concluded the claim was procedurally defaulted and thus exhausted, the petitioner was able to return to federal court, leading to the Supreme Court's decision in *Trevino. Id.*

The panel opinion does not discuss these federalism issues. Despite the panel's directive for the district court to hold an evidentiary hearing, there is reason to hesitate before reading the opinion to prescribe a formula for circumventing the requirement of exhaustion of state remedies and the restrictions of 28 U.S.C. § 2254(d) on the granting of writs of habeas corpus. *See generally Cullen v. Pinholster,* —— U.S. ——, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011). As the panel opinion is silent on the matter, and the court denies rehearing, the district court should have the option to apply the stay-and-abeyance procedure, and to require exhaustion of administrative remedies in state court, if Sasser's procedural default of any ineffective-assistance

claim is excused based on *Martinez* and *Trevino.*