819 P.2d 962

The STATE of Arizona, Appellee,

v.

Raymond Anthony WILLIAMS,
Appellant.

Nos. 2 CA–CR 90–0865, 2
CA–CR 89–0556–PR.

Court of Appeals of Arizona,
Division 2, Department B.

March 19, 1991.

Redesignation as Opinion April 9, 1991.

Review Denied Nov. 5, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Diane M. Ramsey, Phoenix, for appellee.

Dickerson and Rheinheimer by Timothy B. Dickerson, Sierra Vista, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted after a jury trial of escape, burglary, two counts of theft, armed robbery, kidnapping, aggravated assault and unlawful flight, all felonies.

The jury also found that appellant had two prior felony convictions, which the state alleged should be treated as one conviction for purposes of an enhancement. The state also alleged that each conviction not committed on the same occasion should be treated as a prior conviction to each other conviction, pursuant to A.R.S. § 13–604(H) and *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980). The trial court accepted the state's allegations and sentenced appellant to a total aggravated sentence of two concurrent life sentences plus 24 years, of which he must serve a minimum of 41 years.

His convictions stem from events occurring on November 18, 1988. On that day appellant escaped from the Arizona Department of Corrections facility in Douglas by walking away from his work detail at approximately 12:00 noon. He changed into civilian clothing. Between noon and 3:00 p.m., appellant broke into a truck at Cochise College and stole a pistol and other items including a jacket which he put on. At approximately 3:30 p.m., appellant solicited a ride with an elderly woman telling her he was looking for his horse. Appellant assaulted the woman by sticking the pistol in her stomach and, after making her pull the car over, hit her on the head with the pistol. He then dragged her to the side of the road and covered her with tumbleweeds. He took her money and drove off in her automobile. The victim managed to flag down a driver who took her home from where she called the sheriff's office. From her description, at approximately 4:00 p.m., an officer spotted appellant driving toward town. The officer followed appellant and called for reinforcements who set up a roadblock ahead.

When the officer attempted to stop appellant, he drove around the roadblock and led law enforcement officers in a high speed chase which ended in an accident and his arrest at 4:40 p.m.

Appellant was arrested and taken to the Cochise County Jail by Deputy Vince Madrid. Approximately three and one-half hours later, he was given Miranda [1] warnings and questioned by Detective Ruben Saavedra and Deputy Madrid. During the taped interview, appellant made inculpatory statements, which were admitted as evidence at trial despite appellant's motion to suppress them and his renewed objection to them at trial.

Appellant raised an insanity defense at trial and claimed he did not recollect involvement in the criminal events, his arrest, or the police interview. Defense counsel moved for a new trial. Among the issues raised in his motion were improper admission of evidence, prosecutorial misconduct, juror misconduct and ineffective assistance of counsel. Appellant's motion was denied.

On August 23, 1989, appellant filed a petition for post-conviction relief, pursuant to Ariz.R.Crim.P. 32, 17 A.R.S., requesting an evidentiary hearing regarding specific allegations of juror misconduct and ineffective assistance of counsel. The petition was summarily dismissed and appellant filed a motion for reconsideration [2] which moved the court simply "to reconsider its order dismissing Petitioner's previously filed Petition for Post–Conviction Relief." The motion was denied and appellant then filed a petition for review, which has been consolidated with this appeal.

## ISSUES ON APPEAL

In his appeal, appellant contends that the trial court erroneously admitted his statements to the officers as evidence against him; that the prosecutor's inappropriate rebuttal remark prejudiced the defense; that *Hannah* priors are not allowable to enhance his punishment; and that the trial court erred in summarily dismissing his petition for post-conviction relief.

Appellant has failed to set forth in detail the grounds upon which he sought a rehearing for post-conviction relief, in accordance with Rule 32.9(a). Therefore, we decline to grant review in this matter. *State v. Moore*, 125 Ariz. 528, 611 P.2d 115 (App.1980). However, to the extent that the issue of juror misconduct was also alleged in appellant's motion for a new trial, we will consider it on review. While the issue of ineffective assistance of counsel was also raised in the motion for a new trial, the proper forum for establishing this is the Rule 32 evidentiary hearing, summary denial of which we have already declined to review. See *State v. Guerrero*, 159 Ariz. 568, 769 P.2d 1014 (1989).

Because we find all of appellant's allegations lacking in merit, we affirm the convictions and sentences.

## MOTION TO SUPPRESS

Appellant argues that the trial court erred by denying his motion to suppress statements which he made to Officers Madrid and Saavedra. Appellant contends that the officers did not comply with the constitutional Miranda requirements when they (1) continued to question him after he indicated he did not wish to answer questions, and (2) did not honor his right to remain silent on particular subjects.

A trial court's ruling on a motion to suppress will not be disturbed on appeal absent clear and manifest error. *State v. Hicks*, 133 Ariz. 64, 649 P.2d 267 (1982). We do not find error here.

Appellant bases his complaint on an exchange which followed his receipt of Miranda warnings:

SAAVEDRA R. ... Do you understand each of these Rights I've explained to you?

WILLIAMS R. Yeah.

SAAVEDRA R. Having these Rights in mind, do you wish to talk to us?

---

**1.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**2.** This was treated as a motion for rehearing under Rule 32.9.

WILLIAMS R. Nope.

SAAVEDRA R. You don't wanna talk to us at all?

WILLIAMS R. Um .. I might answer some questions, but not .. not everything.

SAAVEDRA R. What kind of questions are you willing to answer.

WILLIAMS R. You need to ask me and I'll·tell you whether I will answer 'em or not. If I answer .. I'll answer 'em.

SAAVEDRA R. Okay .. What I need to · know is if your [sic] exercising your Right to remain silent or are you willing to talk to us.

WILLIAMS R. I'll talk to you about certain things..

At the evidentiary hearing, Saavedra testified that he did not hear appellant's first response because his face was turned away and the response was "muffled" and "unclear" to him. Madrid said he did not recall hearing appellant's response. The trial judge had the opportunity to listen to the taped interview. He denied the motion after taking the evidence under advisement.

■ Generally, during custodial interrogation if an individual indicates that he wishes to remain silent, the interrogation must cease. *State v. Lawson,* 144 Ariz. 547, 698 P.2d 1266 (1985). But if the individual's statement is ambiguous, the authorities are entitled to ascertain only whether or not defendant intends to invoke his right to remain silent. *State v. Finehout,* 136 Ariz. 226, 665 P.2d 570 (1983). We do not find that Saavedra violated appellant's right to remain silent by clarifying his ambiguous response with a further question pertaining only to appellant's desire to answer questions. The recording of the interview has not been made part of the record, and we presume it supports the trial court's decision. *Renner v. Kehl,* 150 Ariz. 94, 722 P.2d 262 (1986).

■ Secondly, appellant claims the officers did not scrupulously honor his right to cut off questioning on certain subjects. See *State v. Hicks,* supra. When an accused chooses to remain silent on a subject, he may not be questioned concerning that subject or related subjects. *State v. Allen,* 140 Ariz. 412, 682 P.2d 417 (1984).

■ After appellant agreed to talk about "certain things," he was advised by Saavedra that he could stop the interview at any time or refuse to answer any questions. Appellant said to the officers: "You ask the question; if I feel like I've ... be alright [sic] answering them, then I'll answer 'em." As interrogation continued, appellant urged the officers to continue asking questions. When he refused to answer a particular question, the officer moved on to another question. Appellant was calm and in control during the interview.

We have reviewed the entire interview transcript and find that appellant's refusal to answer certain questions was scrupulously honored. He set the ground rules for a question-by-question approach and obviously felt confident that he could control the situation. At no time did he request counsel or demand that the interview cease.

■ Even if we assume arguendo that appellant's statements were admitted in violation of Miranda, it would be harmless error because appellant's voluntary statements could be admitted to impeach his testimony at trial that he did not remember the events. *Mincey v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978).

## MOTION FOR NEW TRIAL

Appellant raised two additional issues in his motion for a new trial and on appeal: (1) prosecutorial misconduct and (2) juror misconduct. Denial of a new trial is within the sound discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion affirmatively appears. *State v. Hickle,* 133 Ariz. 234, 650 P.2d 1216 (1982).

### *Prosecutorial Misconduct.*

■ Appellant contends the following remark made in the prosecutor's rebuttal argument prejudiced his insanity defense: "... [Appellant] has been sitting here crying for three days now. Strategically, I might note." Defense counsel objected

and his objection was sustained. To warrant a new trial, an improper remark must call to the jury's attention a matter that it would not be justified in considering and it must be probable that the remark influenced the jury's verdict. *State v. Hansen,* 156 Ariz. 291, 751 P.2d 951 (1988). Misconduct alone is not sufficient, but denial of a fair trial must result from the actions of counsel. *Id.*

Appellant has not shown prejudice resulting from the prosecutor's remark. The objection was sustained, and the jury was instructed not to consider closing remarks as evidence. In addition, there was overwhelming evidence against appellant. We find the remark was harmless error.

*Juror Misconduct.*

■ Appellant alleged in his motion that on the second day of trial one of the jurors went to the county attorney's office to request assistance in a child custody matter and spoke to attorneys in the civil division. The prosecutor investigated the juror's visit and was assured by the county attorney's office that appellant's case had not been discussed. The prosecutor apprised the court of the situation and informed defense counsel and appellant, who did not raise an objection or move for a mistrial, but in the motion for a new trial alleged that the juror's conduct was a "technical violation."

■ Also raised for the first time in his motion for new trial, was the allegation that appellant saw the victim's husband talking to jurors or potential jurors, both in court and at a nearby restaurant. No affidavits were attached to the motion. Defense counsel did not request an individual voir dire of the jurors at any time. Defense counsel also stated that he did not personally observe any discussions between the victim's husband and jurors.

■ Improper juror communications during trial is not grounds for a new trial unless the defense establishes that the misconduct was prejudicial or prejudice may be fairly presumed from the facts. *State v. Vasquez,* 130 Ariz. 103, 634 P.2d 391 (1981). In the first instance, the evidence showed that there was no impropriety and, if there were, there was no prejudice to appellant. In the second instance, the allegation was unsubstantiated. The trial court's ruling denying appellant's motion as to this issue was proper.

## HANNAH PRIORS

Appellant appeals his sentence claiming that it should not have been enhanced by *Hannah* priors because all of the crimes were committed as part of the escape spree and, therefore, were committed on the "same occasion" for purposes of A.R.S. § 13–604(H). We disagree. This section provides:

> **H.** Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section.

The state alleged that there were four separate-occasion priors: (1) the escape; (2) the burglary and theft pertaining to the truck; (3) the four felonies committed against the elderly victim; and (4) the unlawful flight from authorities. The state also alleged that the two prior felonies found by the jury should be one prior for enhancement purposes. Accordingly, the trial court enhanced the sentence on each conviction by two or more prior felony convictions. We find that the trial court properly applied the law in sentencing appellant.

■ The rule for determining when two or more crimes were committed "on the same occasion" under A.R.S. § 13–604(H) is as follows:

> In general, however, when different crimes, even though unrelated in nature, are committed at the same place, on the same victim or group of victims, and at the same time or as part of a continuous series of criminal acts, they should be considered as having been committed on

the "same occasion" for purposes of sentence enhancement.

*State v. Shulark*, 162 Ariz. 482, 485, 784 P.2d 688, 691 (1989).

The offenses here can be divided into separate acts against different victims, at different places and at different times, notwithstanding the fact that all the crimes were completed in five hours. Even though appellant may have calculated the crimes to aid his escape, he had actually completed the escape when he walked away from the prison detail without incident. Likewise, the subsequent crime groups were noncontinuous. Simply because crimes follow one another does not make them a "spree." See *State v. Perkins*, 144 Ariz. 591, 699 P.2d 364 (1985), overruled on other grounds, *State v. Noble*, 152 Ariz. 284, 731 P.2d 1228 (1987); compare *State v. Sands*, 145 Ariz. 269, 700 P.2d 1369 (App. 1985) (multiple felonies committed against police during hostage/barricade situation). In this case there are a sufficient number of convictions, together with the other prior conviction, to enhance the sentence on each conviction by two or more prior felony convictions.

Pursuant to the mandate of A.R.S. § 13-403, we have searched the record for fundamental error and finding none, the convictions and sentences imposed are affirmed.

FERNANDEZ, C.J., and CARRUTH, J.,*, concur.

---

* A Judge of the Pima County Superior Court authorized and assigned to sit as a Judge on the Court of Appeals, Division Two, pursuant to

Arizona Supreme Court Order filed July 25, 1990.