EDITH H. JONES, Chief Judge:
ORDER
The Court has considered Ramiro Rubi Ibarra’s motion to vacate the district court’s judgment denying his petition for habeas corpus relief in light of the Supreme Court’s decision in Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). We DENY his motion.
Ibarra petitioned the district court for postconviction relief on 11 issues, which the district court denied, several of which as defaulted. Currently pending in this court is his application for a COA on three issues. Ibarra’s current motion argues that Martinez invalidates the district court’s conclusion that Ibarra procedurally defaulted these COA issues: (1) an ineffective-assistance-of-trial-counsel claim; (2) a claim of mental retardation under Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002); and (3) a claim that the prosecution violated -his rights under the Vienna Convention on Consular Relations (“VCCR”). ■ We may readily dismiss these latter two claims, as Martinez, by its terms, applies only to ineffeetiveassistance-of-trial-counsel claims. Martinez, 132 S.Ct. at 1311-12. Martinez is also limited, again by its own express terms, to “initial-review collateral proceedings,” which it defines as “collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial.” Id. at 1315. Other courts have rejected entreaties to expand Martinez, and we do the same. See, e.g., Arnold v. Dormire, 675 F.3d 1082 (8th Cir. Apr.3, 2012) (declining to extend Martinez to claims of ineffective assistance in appeals from initial-review collateral proceedings); Hunton v. Sinclair, 2012 WL 1409608, at *1 (E.D.Wash. Apr. 23, 2012) (declining to extend Martinez to Brady claims); Sherman v. Baker, 2012 WL 993419, at *18 (D.Nev. Mar. 23, 2012) (declining to extend Martinez beyond ineffectiveness claims).
The district court concluded that Ibarra defaulted his ineffective-assistance-of-trial-counsel claim by first presenting it in his fourth state petition for habeas relief. Ibarra now argues that his initial habeas counsel was also ineffective, thereby excusing his procedural default in presenting his underlying ineffective assistance claim. A short summary of the facts underpinning Ibarra’s allegedly deficient representation suffices. Ibarra claims his trial counsel “virtually abandoned their duty to prepare for sentencing,” focusing instead on an innocence defense. Ibarra argues that trial counsel’s failure to present more than two social history witnesses — Ibarra’s wife and one of his siblings — rendered his sentencing-phase assistance constitutionally deficient. Following conviction, Ibarra was then appointed new counsel for his first state habeas petition, who raised only a purported *225 Lackey claim[1] predicated on pre-indictment delays. The state trial court denied relief, and the Texas Court of Criminal Appeals (“TCCA”) affirmed. Ex parte Ibarra, No. 48,832-01 (Tex.Crim.App. Apr. 4, 2001) (unpublished).
Until recently, this court’s precedent foreclosed Ibarra’s argument. See, e.g., Martinez v. Johnson, 255 F.3d 229, 239-40 (5th Cir.2001). A habeas petitioner must demonstrate cause — objectively external to his defense — and prejudice to overcome a regularly applied state procedural default, which ordinarily bars federal habeas review of a defaulted issue. Coleman v. Thompson, 501 U.S. 722, 746-47, 111 S.Ct. 2546, 2562-63, 115 L.Ed.2d 640 (1991).
But, as Ibarra notes, the Supreme Court recently recognized a “limited qualification to Coleman” in Martinez. Martinez, 132 S.Ct. at 1319. In Martinez, a defendant, represented by counsel, was convicted of sexual conduct with a minor based in part on expert testimony regarding child-abuse accusations and recantations. Id. at 1313. The state of Arizona appointed new counsel for the defendant’s direct appeal. Appellate counsel pursued myriad claims unsuccessfully, but Arizona law required defendants to bring ineffectiveness of counsel claims only in post-conviction proceedings rather than on direct appeal. Id. at 1314. Appellate counsel initiated such a proceeding under Arizona procedures, but elected not to pursue an ineffectiveness claim against trial counsel; she ultimately filed a statement with the court that she found no colorable issue appropriate for post-conviction relief. Id. Martinez attempted to petition for post-conviction relief a year and a half later in state court, claiming trial counsel ineffectiveness. Id. The state habeas court dismissed Martinez’s petition under its rule refusing to consider claims in subsequent petitions that could have been raised in earlier ones. Id.
Martinez began anew in federal court, again raising his IAC claims. Id. Martinez acknowledged his procedural default, but sought to avoid the familiar bar to federal review by alleging his habeas counsel’s ineffectiveness as cause for his default. Id. at 1314-15. While leaving open the constitutional question “whether a prisoner has a right to effective counsel in collateral proceedings” that provide “the first occasion” to raise a trial-counsel-ineffectiveness claim, the Supreme Court established a “narrow exception” to the Coleman rule that “an attorney’s ignorance or inadvertence in a postconviction proceeding does not qualify as a cause to excuse a procedural default.” Id. at 1315. The Court distinguished Arizona’s procedures for ineffectiveness claims from other post-conviction proceedings by noting that Arizona ineffectiveness claims roughly equate to direct review of ineffectiveness claims. Id. at 1311-12. The Court specifically noted that Arizona habeas courts “look[] to the merits of’ the ineffectiveness claim, that no other court prior to the collateral proceeding has addressed the claim, and that prisoners pursuing initial review pro se are especially disadvantaged due to the lack of counsel’s briefs or a court’s opinion addressing their claims. Id. at 1312. The Court justified this ineffectiveness-specific exception based on the importance of counsel to the adversarial criminal process. Id. (citing the right to effective counsel as “bedrock”).
Martinez, by its own terms, therefore establishes a specific and narrow *226 exception to the Coleman doctrine; it reiterates this not merely once, but again and again, as the Court repeatedly (and exclusively) refers to the scenario of a state in which collateral review is the first time a defendant may raise a claim of ineffective assistance of counsel. Thus, the phrase “initial-review collateral proceeding” is a specifically defined term referring to states like Arizona in which a defendant is prevented from raising counsel’s ineffectiveness until he pursues collateral relief (normally bereft of a right to counsel). Martinez defines the legal issue that it addresses as follows: “[Coleman] left open, and the Court of Appeals in this case addressed, a question of constitutional law: whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial. These proceedings can be called, for purposes of this opinion, ‘initial-review collateral proceedings.’ ” Martinez, 132 S.Ct. at 1315 (emphasis added). Reinforcing this definition, the Court states: “The State of Arizona does not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review. Instead, the prisoner must bring the claim in state collateral proceedings.” Martinez, 132 S.Ct. 1309, 1313 (2012). “Where, as here, the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner’s direct appeal as to the ineffective-assistance claim.” Id. at 1317. “From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington.” Id. at 1318 (emphasis added) (citation omitted). Finally, “The rule of Coleman governs in all but the limited circumstances recognized here.... It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial .... ” Id. at 1320 (emphasis added).[2]
When a state diverts ineffectiveness claims to collateral proceedings that function as the prisoner’s first opportunity to assert those claims, a prisoner who can demonstrate that he was either unrepresented in that collateral proceeding or that his initial habeas counsel performed ineffectively thereby establishes “cause” for purposes of Coleman’s cause-and-prejudice framework to forgive a state procedural default. Martinez goes on to describe the parameters of a “prejudice” showing. The result of Martinez is to allow petitioners in these narrowly described cases to urge their claims of ineffective trial (and habeas) counsel in federal court.
No published opinion from this court has yet considered Martinez’s applicability to Texas cases. To ascertain Martinez’s applicability to Texas procedures, it is use *227 ful to describe Arizona’s habeas procedures more carefully. Arizona bars initial review of ineffectiveness claims outside of collateral proceedings. Arizona’s collateral-review proceedings — “Rule 32 proceedings” — have predominated Arizona ineffectiveness adjudication since at least 1989, when the Arizona Supreme Court recommended ineffectiveness claims be raised under Rule 32. State v. Valdez, 160 Ariz. 9, 770 P.2d 313, 319 (1989). Yet Arizona practitioners continued to raise ineffectiveness claims on direct appeal. As Rule 32 motions could either follow direct appeals or proceed contemporaneously with direct appeals, these ineffectiveness proceedings were sometimes consolidated on direct appeal, only to be remanded to the trial court. State v. Spreitz, 202 Ariz. 1, 39 P.3d 525, 526-27 (2002). In 2002, the Arizona Supreme Court “clarif[ied]” this “murky” procedure by instructing appellate courts to disregard ineffectiveness claims on direct appeal, regardless of merit. Id. at 527. Arizona’s Rule 32 proceedings remained the exclusive venue for developing an ineffectiveness record; at least one Arizona appellate court has expressly disapproved using motions for a new trial to develop ineffectiveness claims in favor of the Rule 32 procedure. See State v. Williams, 169 Ariz. 376, 819 P.2d 962, 964 (1991).
Contrast these procedures with Texas’s rules governing ineffectiveness claims. The TCCA made clear that a state habeas petition is the preferred vehicle for developing ineffectiveness claims. Robinson v. State, 16 S.W.3d 808, 809-10 (Tex.Crim.App.2000). Yet Texas defendants may first raise ineffectiveness claims before the trial court following conviction via a motion for new trial, when practicable, and the trial court abuses its discretion by failing to hold a hearing on an ineffectiveness claim predicated on matters not determinable from the record. Holden v. State, 201 S.W.3d 761, 762-63 (Tex.Crim.App.2006). A prisoner who develops such a record through a new trial motion can of course pursue the denial of an ineffectiveness claim through direct appeal, but the TCCA has indicated that a new trial motion is neither a sufficient nor necessary condition to secure review of an ineffectiveness claim on direct appeal. Indeed, an ineffectiveness claim may simply be raised on direct appeal without the benefit of a motion for new trial. Robinson, 16 S.W.3d at 813. As a result, both Texas intermediate courts and the TCCA sometimes reach the merits of ineffectiveness claims on direct appeal. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex.Crim.App.1999). Where they do not, Texas habeas procedures remain open to convicted defendants. Ex parte Nailor, 149 S.W.3d 125, 129, 131 (Tex.Crim.App.2004). In short, Texas procedures do not mandate that ineffectiveness claims be heard in the first instance in habeas proceedings, and they do not by law deprive Texas defendants of counsel-and court-driven guidance in pursuing ineffectiveness claims.
Accordingly, Ibarra is not entitled to the benefit of Martinez for his ineffectiveness claims, as Texas procedures entitled him to review through counselled motions for new trial and direct appeal. We therefore DENT Ibarra’s motion to vacate the district court’s judgment. This disposition does not affect our consideration of the pending COA application.
MOTION DENIED.

. A Lackey claim asserts violation of the Eighth Amendment if a prisoner remains on death row too long. Lackey v. Texas, 514 U.S. 1045, 115 S.Ct. 1421, 131 L.Ed.2d 304 (1995) (mem.) (Stevens, J., respecting denial of cert.).

. Had the Court sought to craft a general exception to Coleman for claims of ineffective trial counsel, it would have said: "inadequate assistance of counsel at initial-review proceedings may establish cause for a prisoner’s procedural default of a claim of ineffective assistance at trial.” Instead, the court said: "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner’s procedural default of a claim of ineffective assistance at trial.” Martinez, 132 S.Ct. at 1315.