REVISED AUGUST 22, 2012

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2012

Lyle W. Cayce
Clerk

———————————

No. 12-70023

———————————

JOHN LEZELL BALENTINE,

      Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

———————————————

Appeal from the United States District Court for the
Northern District of Texas

———————————————

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:

The court having been polled and a majority of the judges who are in regular active service and not disqualified not having voted in favor (FED.R. App. P. and 5TH Cir. R. 35), the Rehearing En Banc is DENIED.

Voting for en banc rehearing were: Judge James L. Dennis, Judge Leslie H. Southwick, Judge James E. Graves, and Judge Stephen A. Higginson. Voting against en banc rehearing were: Chief Judge Edith H. Jones, Judge Carolyn D. King; Judge E. Grady Jolly, Judge W. Eugene Davis, Judge Jerry E. Smith, Judge Carl E. Stewart, Judge Edith B. Clement, Judge Edward C. Prado, Judge Priscilla R. Owen, Judge Jennifer W. Elrod,

Judge Catharina Haynes.

Upon the filing of this order, the clerk shall issue the mandate forthwith. See FED. R. App. P. 41(b).

ENTERED FOR THE COURT:


  /s/ LESLIE H. SOUTHWICK
UNITED STATES CIRCUIT JUDGE

DENNIS, Circuit Judge, joined by GRAVES, Circuit Judge, dissenting from the denial of rehearing en banc:

The issue of Martinez v. Ryan's applicability to capital habeas petitioners in Texas presents an issue of exceptional importance that would benefit from further consideration via rehearing en banc. First, the state has virtually mandated that claims of ineffective assistance of trial counsel must be presented in a state habeas proceeding. Second, requiring these claims to be presented on direct appeal would engender conflicts of interest and clash with the structure the state of Texas has erected for capital appeals.

## BACKGROUND

### I.

In December 2003, Balentine petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his counsel appointed at trial failed to investigate and develop "mitigation and risk assessment evidence at all." Balentine v. Thaler, 626 F.3d 842, 844, 848 (5th Cir. 2010). Although failure to make either a reasonable investigation or a reasonable decision that investigation was unnecessary has been held to be ineffective assistance of counsel, Wiggins v. Smith, 539 U.S. 510, 521 (2003), the panel held that Balentine failed to present his claim in his initial state habeas application and thus the claim was procedurally barred, Balentine, 626 F.3d at 848-57.

On July 12, 2012, Balentine filed a Rule 60(b)(6) motion in the district court seeking to vacate that court's final judgment of March 31, 2008 in light of Martinez v. Ryan, 132 S. Ct. 1309 (2012). The district court denied relief in reliance on Ibarra v. Thaler, No. 11-70031, No. 11-70031, 2012 WL 2620520 (5th Cir. June 28, 2012). A panel of this court affirmed the district court's denial of relief also in reliance on Ibarra. Balentine v. Thaler, No. 12-70023, Slip Op. at 6 (5th Cir. Aug. 17, 2012).

3

II.

In Martinez, the Supreme Court recognized a new basis to excuse a state prisoner who has brought federal habeas ineffective trial counsel claims from being held procedurally barred for failing to present those claims in state court. See 132 S. Ct. at 1315. Thus, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320. The Martinez Court explained that, often, an "initial-review collateral proceeding [is] a prisoner's 'one and only appeal' as to an ineffective-assistance claim, and this may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings." Id. at 1315 (citation omitted) (quoting Coleman v. Thompson, 501 U.S. 722, 755 (1991)).[1]

III.

Because Texas does not prohibit the bringing of ineffective-assistance claims on direct appeal from a conviction as did Arizona in Martinez, a panel of this court in Ibarra held that Martinez did not create an equitable exception for relief from convictions in Texas state courts. 2012 WL 2620520, at *4.

Judge Graves dissented on this point. Id. at *5 (Graves, J., concurring in part and dissenting in part). He reasoned that the Ibarra majority's decision depends on interpreting "initial-review collateral proceedings" to mean state-mandated initial-review collateral proceedings. Id. However, the Martinez Court included no such qualification in announcing the exception.

---

[1] The Court determined that Martinez was "not the case, however, to resolve whether that exception exists as a constitutional matter." Id.

4

See id.

Judge Graves argued that in Texas, although "not a state where you must raise [ineffective assistance of counsel] claims in collateral proceedings," collateral proceedings "[are] the preferred and encouraged method" for raising such claims. Id. at *6. Thus, "[t]here clearly are instances where a collateral proceeding will be the 'first occasion' to legitimately raise a claim of ineffective assistance of trial counsel in Texas." Id.

## DISCUSSION

In short, en banc reconsideration of Ibarra's denial of the exception announced in Martinez to capital habeas petitioners from Texas is warranted.

First, in my view, collateral proceedings that provide the first occasion to adjudicate a Strickland claim are initial-review collateral proceedings within the meaning of Martinez. In Texas, an Article 11.071 proceeding is the first realistic opportunity a prisoner has to raise a claim of ineffective assistance of trial counsel. In part, this is because capitally sentenced prisoners are virtually required to first raise a claim of ineffective assistance of trial counsel during collateral proceedings. See Mata v. State, 226 S.W.3d 425, 430 n.14 (Tex. Crim. App. 2007) ("As a general rule, one should not raise an issue of ineffective assistance of counsel on direct appeal." (internal quotation marks omitted)); see also Mitchell v. State, 68 S.W.3d 640, 643 (Tex. Crim. App. 2002) (noting that habeas corpus "is the appropriate vehicle [in Texas] to investigate ineffective-assistance claims"); Robinson v. State, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000) (observing that "a post-conviction writ proceeding, rather than a motion for new trial, is the preferred method for gathering the facts necessary to substantiate" a Strickland claim). Furthermore, the vast majority of ineffective assistance of counsel claims may not be reviewed on direct appeal because the alleged deficiencies are not typically "firmly founded in the [appellate] record." See Thompson v. State, 9

5

S.W.3d 808, 814 (Tex. Crim. App. 1999). Thus, collateral proceedings present the first opportunity to raise these claims. Only "in the rare case where the record on direct appeal is sufficient to prove that counsel's performance was deficient[] [should] an appellate court . . . address the claim in the first instance." Robinson, 16 S.W.3d at 813 n.7 (emphasis added); see also Thompson, 9 S.W.3d at 813 ("Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation."). That a few petitioners may be able to raise an ineffective assistance of trial counsel claim on direct appeal does not assist the great majority of petitioners who, effectively, are barred from presenting extra-record claims of ineffective assistance until the commencement of the state habeas proceeding.

Requiring claims of ineffective assistance of counsel to be raised via a motion for a new trial by the counsel who allegedly performed deficiently will create grave conflicts of interest, further underscoring Ibarra's incorrect denial of Martinez's holding to Texas capital habeas petitioners. For example, Texas law prohibits courts from appointing an attorney who has previously been determined to have rendered ineffective assistance in a capital case to act as lead counsel in any capital proceeding absent a finding by a separate committee. TEX. CODE. CRIM. PROC. §§ 11.071(2)(d), 26.052(d). Under such circumstances, there is little incentive for counsel who has allegedly performed below the standard required by Strickland to zealously argue the client's best defense. See Maples v. Thomas, 132 S. Ct. 912, 925 n.8 (2012) (noting that when a law firm representing a death row inmate missed a crucial filing deadline, "a significant conflict of interest arose" because "the firm's interest in avoiding damage to its own reputation was at odds with [the inmate's] strongest argument—i.e., that his attorneys had abandoned him,

6

therefore he had cause to be relieved from the default").[2]  Moreover, the trial record is typically not available before the filing of a motion for a new trial is due or even during the pendency of such a motion.  Thus, the first opportunity to present an IAC claim with the aid of an attorney with access to the record is during the state collateral proceeding.  Finally, requiring ineffective assistance of counsel claims to be raised on direct appeal seems to be in tension with Texas case law, such as Holden v. State, which suggests that a state trial court abuses its discretion by failing to hold a hearing on an ineffectiveness claim predicated on matters not determinable from the record. 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

In Martinez, the Court indicated that the purpose of the exception was to "protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel."  132 S. Ct. at 1315.  I believe that the panel opinion in Ibarra conflicts with the Supreme Court's opinion in Martinez. Further, this issue is one of exceptional importance.  Therefore, in my view, en banc reconsideration is warranted.  I respectfully dissent.

---

[2] The Texas Rules of Professional Conduct prevent trial counsel from raising a Strickland claim against themselves when they would be required to be called as a witness. See TEX. DISC. R. PROF. CONDUCT. 1.15(a)(1).

HIGGINSON, Circuit Judge, joined by SOUTHWICK, Circuit Judge, dissenting from the denial of rehearing en banc:

The question presented is whether Texas permits defendants to raise claims of ineffective assistance of trial counsel in new trial motions and then on direct appeal. In written argument to us, the Attorney General of Texas answers that it allows such claims, and specifically that "[d]efendants may use the motion for new trial to develop non-record facts to support a claim on direct appeal. Tex. R. App. P. 21.2. A trial court is authorized to hold a live hearing on the issue and abuses its discretion for failing to do so if a defendant presents a motion that raises matters that may not be determined from the record. Tex. R. App. P. 21.7; Holden v. State, 201 S.W.3d 761 (Tex. Crim. App. 2006)."

If Texas law makes it an abuse of discretion to fail to hold a live hearing on an ineffective assistance of trial counsel claim when such a claim is presented in a new trial motion, Texas, unlike Arizona, clearly does not "require[] a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding," as contemplated by the Supreme Court in Martinez v. Ryan, 132 S.Ct. 1309 (2012).

However, I dissent from denial of en banc rehearing in this matter because that statement of Texas law is not well-settled, indeed it is contradicted by the single authority given to us by the Attorney General.[1] Of more concern, this statement of Texas law appears to be inconsistent with time constraints which do and must govern new trial motions. Tex. R. App. P. Art. 21.4, 21.6; cf. Robinson v. State, 16 S.W.3d 808, 810 (Tex. Crim. App.

---

[1]*Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006) ("[A] trial court may rule based on sworn pleadings and affidavits *without oral testimony; live testimony is not required*." (emphasis added)).

2000) ("The time requirements for filing and presenting a motion for new trial would have made it virtually impossible for appellate counsel to adequately present an ineffective assistance claim to the trial court." (citations omitted)).

Finally, as applied to Balentine, this statement of Texas law is in even sharper tension with Texas provisions and caselaw applicable to capital defendants where highest finality imperatives favor speedy resolution of all direct appeal issues, unencumbered by vague, unsubstantiated, attorney-conflict causing, and not infrequently non-meritorious ineffectiveness claims. See Tex. Code Crim. P. 11.071; see also Mata v. State, 226 S.W.3d 425, 430 n.14 (Tex. Crim. App. 2007) ("As a general rule, one should not raise an issue of ineffective assistance of counsel on direct appeal."); Robinson, 16 S.W.3d at 810 (holding that "a post-conviction writ proceeding, rather than a motion for new trial, is the preferred method for gathering the facts necessary to substantiate" a Strickland claim); Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) ("In most ineffective assistance claims, a writ of habeas corpus is necessary to adequately evaluate such claims.").

It may be that Texas would constrain trial judges to explore in "live hearings" ineffective assistance claims presented in new trial motions, for capital and non-capital defendants, based on the general applicability of Tex. R. App. P. 21.2, but this effort to distinguish Martinez deserves en banc scrutiny because it upends the finality priority of AEDPA and the criminal process generally. As a threshold question before we purport to define, expand or contract the narrow exception to Coleman v. Thompson, 501 U.S. 722 (1991), set forth in Martinez, see Martinez, 132 S. Ct. at 1321 n.1 (Scalia, J., dissenting), we should resolve with certainty Texas's exact system for raising ineffectiveness claims in capital cases. This court has yet to entertain any oral argument at all, or examine in full Rule 28 briefing, whether and how Martinez would apply or affect Texas's sovereign complexity of new trial,

direct appeal and post-conviction ineffectiveness procedures.

For the foregoing reasons, full court rehearing of these consequential matters, implicating a recent Supreme Court decision, would be beneficial. Therefore, I DISSENT from denial of en banc rehearing.