# SUPREME COURT OF THE UNITED STATES

_____

No. 12–6760 (12A369)

_____

## ANTHONY CARDELL HAYNES *v.* RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

### ON APPLICATION FOR STAY

[November 13, 2012]

JUSTICE SCALIA, with whom JUSTICE THOMAS and JUSTICE ALITO join, dissenting from the grant of stay of execution.

I dissent from the Court's order of October 18, 2012, granting the application of Anthony Haynes for stay of execution of sentence of death. Petitioner Haynes, who had committed a series of armed robberies, was approached by off-duty Houston Police Department Officer Kent Kincaid after a bullet from Haynes's truck had cracked Kincaid's windshield. Kincaid, who thought the missile had been a rock, identified himself as a police officer and asked for Haynes's driving license. Haynes lifted a pistol and shot the officer in the head. Haynes was apprehended and confessed to the killing. He was tried for the capital murder of a peace officer "acting in the lawful discharge of an official duty," Tex. Penal Code Ann. §19.03(a)(1) (West Cum. Supp. 2012). A Texas jury found him guilty and sentenced him to death.

It has been more than 14 years since Haynes killed Officer Kincaid, 10 years since we denied Haynes's first petition for certiorari, see *Haynes* v. *Texas*, 535 U. S. 999 (2002), and six months since we denied his second, see *Haynes* v. *Thaler*, 566 U. S. \_\_\_ (2012). Haynes is now back before us a third time, arguing that he received ineffective assistance from his trial counsel and that his

procedural default of this claim is excused by our decision seven months ago in *Martinez* v. *Ryan*, 566 U. S. ___ (2012), which he asserts entitles him to a reopening of his habeas proceedings under Federal Rule of Civil Procedure 60(b)(6).

The Fifth Circuit determined that Haynes did not qualify for relief under *Martinez*, which carved out a "limited" exception to our longstanding rule that attorney error on state collateral review does not constitute cause to excuse procedural default of an ineffective-assistance-of-counsel claim, see *Coleman* v. *Thompson*, 501 U. S. 722 (1991). According to the Fifth Circuit, Texas inmates fall outside the scope of *Martinez*, which applies only "where the State barred the defendant from raising the claims on direct appeal," 566 U. S., at ___ (slip op., at 14). See *Ibarra* v. *Thaler*, 687 F. 3d 222, 225–227 (2012). Haynes points to the practical difficulties in Texas of successfully raising an ineffective-assistance claim on direct appeal or by motion for new trial.

Even if the Fifth Circuit is incorrect and *Martinez* does implicate Texas's system of postconviction review, a stay is unwarranted here because Haynes presents no plausible claim for relief. His complaint is that his trial counsel was ineffective at sentencing. The absolute most to which he would be entitled under *Martinez* is excuse of his procedural default of this claim, enabling a federal district court to adjudicate the claim on the merits. But that is precisely what the District Court already did on federal habeas review. See *Haynes* v. *Quarterman*, Civ. No. H–05–3424, 2007 WL 268374 (SD Tex., Jan. 25, 2007). In addition to finding the majority of Haynes's ineffective-assistance claims procedurally defaulted, the court rejected all of them on the merits. It concluded that Haynes's argument was "'not that counsel's performance should have been *better*, rather, his argument is that counsel should have investigated and presented evidence at the punishment

phase in a completely *different manner.*'" *Id.*, at \*9. It rejected that argument because it concluded that his lawyers' decisions represented simply "the exercise of [a] strategy" different from what Haynes would now prefer. *Ibid.* It said that even "[i]f the constraints of federal review did not command that Haynes first give the state courts an opportunity to adjudicate his claims of error, this court would still not issue a habeas writ." *Ibid.* Thus, when the District Court denied Haynes's Rule 60(b)(6) motion, it correctly concluded that *Martinez* (which would do no more than excuse Haynes's procedural default) was beside the point, since the court had "already granted Haynes the relief he now requests: The court considered the merits of his barred claims." *Haynes* v. *Thaler*, 2012 WL 4739541, \*5 (Oct. 3, 2012).

This stay cannot, therefore, be justified even as preserving an opportunity to challenge the sentence under *Martinez*. And because I see no reason to believe that the District Court was wrong about the merits of Haynes's claims, I also do not consider a stay warranted in order to plumb the record and correct any alleged factbound error of the District Court.

Haynes has already outlived the policeman whom he shot in the head by 14 years. I cannot join the Court's further postponement of the State's execution of its lawful judgment.