# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2013

Lyle W. Cayce
Clerk

No. 13-10312

In re: RONNIE PAUL THREADGILL,

Movant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Consolidated with 13-70012

RONNIE PAUL THREADGILL,

Petitioner-Appellant

v.

RICK THALER, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1138-D

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-70012

Petitioner Ronnie Paul Threadgill was convicted and sentenced to death in a Texas state court for the capital murder of Dexter McDonald. He exhausted his state remedies and filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was denied. He now brings a second petition for federal habeas corpus, for the first time asserting under *Strickland v. Washington*, 466 U.S. 668 (1984), and *Wiggins v. Smith*, 539 U.S. 510 (2003), that his trial counsel rendered ineffective assistance of counsel by failing to develop and present mitigation evidence. He also has filed a motion for stay of execution and a motion to stay and abey pending a ruling by the Supreme Court of the United States in *Trevino v. Thaler*, 449 F. App'x 415 (5th Cir. 2011), *cert. granted*, 133 S. Ct. 524 (2012). The district court denied Threadgill's petition and motions for stay. Threadgill now seeks a certificate of appealability in this court.

Threadgill contends that the procedural default of his *Wiggins* claim is excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court created a narrow exception to the rule that an attorney's errors in a postconviction proceeding do not qualify as cause for a procedural default. The Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. The *Martinez* exception is a narrow one, and "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, [or] second or successive collateral proceedings." *Id*. We held in *Ibarra v. Thaler*, 687 F.3d 222 (5th Cir. 2012), that the *Martinez* exception does not apply in review of sentences issued by Texas courts because Texas allows claims of ineffective assistance of counsel to be raised for the first

time on direct appeal. The Supreme Court granted a writ of certiorari in *Trevino v. Thaler*, 133 S. Ct. at 525, to address whether the *Martinez* exception applies to Texas cases.

Even if the Supreme Court's eventual decision in *Trevino* makes *Martinez* applicable to Texas, however, Threadgill's claim would still be procedurally barred for being a second or successive habeas corpus application. Threadgill failed to raise his *Wiggins* claim both in his state habeas corpus proceeding and in his first federal habeas petition. Where a claim is presented in a second or successive habeas corpus application under 28 U.S.C. § 2254 that was not presented in a prior application, the claim must be dismissed unless

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). Threadgill's ineffective-assistance claim relies on *Strickland*, 466 U.S. 668, and *Wiggins*, 539 U.S. 510, neither of which was new at the time that Threadgill filed his first federal habeas petition. He concedes that the factual predicate for the claim was available prior to his filing his first federal habeas petition. Therefore, he cannot show that his petition should not be dismissed pursuant to § 2244(b).

*Martinez* does not concern attorney error in any proceeding other than the initial-review collateral proceeding. *See Martinez*, 132 S.Ct. at 1320. Therefore, even if *Martinez* is made applicable to Texas cases, it would excuse only

No. 13-70012

Threadgill's procedural default of his *Wiggins* claim in state habeas proceeding and not his failure to raise his *Wiggins* claim in his first federal habeas petition.

We therefore DENY Threadgill's application for a certificate of appealability, DENY his motion for stay of execution, and DENY his motion to stay and abey pending a ruling by the Supreme Court of the United States in *Trevino v. Thaler*.