# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2013

No. 13-70017

Lyle W. Cayce
Clerk

JEFFREY DEMOND WILLIAMS,

Petitioner–Appellant

v.

RICK THALER, Director, Texas Department
of Criminal Justice, Correctional Institutions Division,

Respondent–Appellee

Appeal from the United States District Court
for the Southern District of Texas
(04-CV-2945)

Before STEWART, Chief Judge, PRADO, and HAYNES, Circuit Judges.

PRADO, Circuit Judge:[*]

Petitioner Jeffrey Demond Williams ("Williams") is scheduled to be executed by the state of Texas on May 15, 2013. On May 3, 2013, Williams submitted a motion to stay his execution. For the reasons that follow, Williams's request is denied.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-70017

## I

Williams was convicted and sentenced to death following the May 1999 shooting of Tony Blando, a Houston police officer. Blando was patrolling the parking lot of a hotel looking for stolen cars. Blando observed a Lexus that a computer search confirmed had been reported stolen. According to witnesses at trial, the man driving the Lexus stepped out of the car and Blando approached him with his weapon drawn, per departmental practice. Blando was not wearing a police uniform, but he did have a badge around his neck. Blando and the man began arguing, and a struggle ensued when Blando attempted to handcuff the man. After Blando had successfully handcuffed one arm, the man turned around and shot Blando in the chest. Blando died from the injury.

Williams was arrested near the scene of the shooting a short time later, wearing one handcuff. He was read his *Miranda* rights and, after acknowledging that he understood his rights, made two inculpatory statements. The police recovered shell casings from the scene of the shooting, some of which came from a gun owned by Williams. Police also found Williams's fingerprints on both the stolen Lexus and Blando's unmarked Jeep. Williams was eventually convicted.

At trial, Williams's attorney presented a handful of favorable character witnesses. Williams's mother testified that Williams suffered developmental shortcomings as a child, that Williams was a loner as a child, and that he had trouble understanding basic instructions. She also discussed Williams's low IQ scores and his diagnosis as emotionally disturbed. Members of Williams's church testified, stating that Williams was quiet, but got along well with others. Williams's direct appeal and request for post-conviction relief were both denied in state court.

In his amended federal habeas petition, filed in 2004, Williams claimed that his appointed state habeas counsel performed inadequately. The district

No. 13-70017

court rejected this claim on the merits. Williams also sought to allege that his trial counsel was ineffective for failing to investigate his mental health and to present adequate mitigating evidence. The district court denied this claim as procedurally defaulted since it had not been raised in state habeas proceedings. This Court affirmed the district court and rejected Williams's claim of ineffective trial counsel on the merits. *See Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010). Williams has filed the instant appeal seeking to revisit his procedural default in light of recent Supreme Court precedent. *See Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The district court denied Williams's claim as foreclosed by precedent, but granted a Certificate of Appealability. This appeal followed.

## II

Williams is attempting to avoid the procedural default of his ineffective assistance of trial counsel claim ("trial IAC claim") by asserting that ineffective assistance of state habeas counsel ("habeas IAC claim") caused the procedural default. Williams seeks a stay of execution so that he may pursue his trial IAC claim. As explained below, the controlling precedent regarding Williams's procedural default argument is in a state of flux: the Supreme Court has heard argument in a case that will impact whether Williams's procedural default should be excused, but has not yet issued a ruling. We nevertheless deny Williams's request for a stay of execution because this Court has previously considered and denied Williams's trial IAC claim on the merits.

A stay is not a matter of right, even if irreparable injury would otherwise result. *Nken v. Holder*, 556 U.S. 418, 433 (2009). Rather, it is an exercise of judicial discretion dependent on the circumstances of a particular case. *Id.* The party seeking a stay bears the burden of showing that the circumstances justify a stay. *Id.* at 433–34. Four factors govern whether the Court will exercise its discretion and grant a stay: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will

No. 13-70017

be irreparably harmed absent a stay; (3) whether issuance of a stay will substantially injure other interested parties; and (4) where the public interest lies. *Id.* at 434. The first two factors are the most important; and showing a likelihood of success on the merits requires that the chance of success be "better than negligible." *Id.* A court may grant relief from a final judgment for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6).

Williams seeks relief from his procedural default on the basis of the Supreme Court's ruling in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the petitioner's habeas attorney did not raise a trial IAC claim during his state habeas proceeding and the claim was subsequently barred as a result. 132 S. Ct. at 1313. In Arizona, where Martinez's case arose, convicted individuals are not permitted to raise trial IAC claims on direct review; they must wait until state habeas proceedings. *Id.* State habeas counsel thus failed to raise Martinez's trial IAC claim at the only juncture where such a claim could be brought. In a second state habeas petition, Martinez thereafter sought to excuse his procedural default on the basis of ineffective assistance of habeas counsel. *Id.*

The Supreme Court ultimately ruled in Martinez's favor, holding that

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. Williams seizes on the *Martinez* ruling in an attempt to avoid his own procedurally defaulted trial IAC claim, i.e., he claims that the ineffectiveness of his state habeas counsel should excuse his procedural default.

In *Ibarra v. Thaler*, 687 F.3d 222 (5th Cir. 2012), the Fifth Circuit explicitly held that *Martinez* does not apply to Texas inmates because—unlike

4

No. 13-70017

Arizona—Texas law allows inmates to raise trial IAC claims on direct review, meaning they have multiple opportunities to raise such claims with the assistance of counsel. 687 F.3d at 227. Four months after *Ibarra* was decided, the Supreme Court granted certiorari in *Trevino v. Thaler*, 449 F. App'x 415 (5th Cir. 2011) (unpublished), *cert. granted*, 133 S. Ct. 524 (2012), in order to "address precisely the question whether *Martinez* applies to habeas cases arising from Texas courts." *Haynes v. Thaler*, 133 S. Ct. 639, 639 (2012). Moreover, two weeks after granting certiorari in *Trevino*, the Supreme Court granted a stay of execution in *Haynes*, a case where the Court faced the same question presented here: whether the procedural default of a trial IAC claim can be excused by the ineffectiveness of state habeas counsel under Texas law.[1]

The extant dispute over Williams's procedural claim notwithstanding, we nevertheless deny Williams's request for a stay of execution because this Court has previously held that Williams's underlying trial IAC claim fails on the merits. *See Williams v. Thaler*, 602 F.3d 291, 310–11 (5th Cir. 2010). Williams has thus already had his trial IAC claim heard and adjudicated. As this Court stated then, "[w]hen compared with the evidence introduced by the State at Williams's trial . . . we cannot say Williams's counsel's alleged deficiency undermines our confidence in Williams's sentence." *Id.* Moreover, the Fifth Circuit has held that *Martinez* does not constitute the sort of "extraordinary circumstance" required to succeed on a Rule 60(b)(6) motion. *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012), *stay denied*, 132 S. Ct. 1995 (2012). Williams's

---

[1] The Supreme Court granted a stay in *Haynes* because the Fifth Circuit denied the petitioner's request for a stay on the basis of *Ibarra*, without assessing the merits of Haynes's claim. *Haynes*, 133 S. Ct. at 639 ("[T]he Court of Appeals has never addressed the District Court's merits ruling, and has instead relied solely on procedural default."). The Supreme Court thus chose to grant the stay "rather than assume the correctness of the District Court's unreviewed merits decision[.]" *Id.* Here, by contrast, we have already fully adjudicated Williams's claim on the merits. Moreover, were we to revisit the merits of Williams's claim, we would still find that he has not established a viable trial IAC claim.

5

No. 13-70017

claim fails on this ground as well.  Therefore, we deny Williams's request for a stay of execution.

## III

For the reasons discussed above, Williams's request for a stay of execution is DENIED.