# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2014

No. 11-70023

Lyle W. Cayce
Clerk

BILL DOUGLAS GATES,

Petitioner-Appellant,

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2702

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before STEWART, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On June 19, 2012 we denied Gates's application for a certificate of
appealability because, among other things, he had procedurally defaulted upon
five of his six underlying claims, and we were bound by our precedent which held
"that ineffective assistance of habeas counsel cannot provide cause for a
procedural default." *Martinez v. Johnson*, 255 F.3d 229, 241 (5th Cir. 2001). We
concluded that given "material distinctions" between Texas and Arizona

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-70023

procedures for direct appellate review, the Supreme Court's decision in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), did not control our disposition of Gates's application. *Gates v. Thaler*, 476 F. App'x 336, 342 (5th Cir. 2012) (per curiam) (unpublished); *see also Ibarra v. Thaler*, 687 F.3d 222 (5th Cir. 2012) (reaching the same conclusion in a precedential opinion less than two weeks later).

After our opinion was issued, the Supreme Court held in *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 1921 (2013), that the rule from *Martinez v. Ryan* does apply in collateral challenges to Texas convictions. The Supreme Court granted certiorari to Gates, vacated our judgment, and remanded for further consideration in the light of *Trevino*. *See Gates v. Thaler*, ___ U.S. ___, 133 S. Ct. 2764–65 (2013). In light of the Supreme Court's order, we GRANT Gates's application for a COA and REMAND to the district court for reconsideration of Gates's five procedurally defaulted claims in light of *Trevino*. We also DENY the Director's petition for rehearing.