# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-70030

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2014

Lyle W. Cayce
Clerk

ANTHONY CARDELL HAYNES,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:05-CV-3424

ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:*

## I.

On October 15, 2012, we denied Haynes's application for a certificate of
appealability (COA) asking us to review the district court's denial of his motion

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 12-70030

under Federal Rule of Civil Procedure 60(b)(6).    We denied Haynes's application on the grounds that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which Haynes tried to claim the benefit of in his 60(b)(6) motion, did not apply in Texas because Texas inmates could raise claims of ineffective assistance of counsel on direct appeal.    *See Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012).

After our opinion was issued, the Supreme Court held in *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013), that the rule from *Martinez v. Ryan* does apply in collateral challenges to Texas convictions.    The Supreme Court granted certiorari to Haynes, vacated our judgment, and remanded for further consideration in light of *Trevino*.  *See Haynes v. Thaler*, 133 S. Ct. 2764 (2013). Pursuant to the Supreme Court's order, we GRANT Haynes's application for a COA and REMAND to the district court to reconsider its denial of Haynes's Rule 60(b)(6) motion in light of *Trevino*.

## II.

Judge Dennis's concurrence argues that we should go further and order the district court to carry out a full reconsideration of Haynes's *Strickland* claim.  We decline to do so.  A district court's discretion when considering Rule 60(b)(6) motions is "especially broad,"  *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992), and subject only to "limited and deferential appellate review," *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005).  Accordingly, given our limited role in reviewing Rule 60(b)(6) orders, we return this case to the district court without additional advisory instructions as to how to exercise its discretion when considering whether Haynes meets the prerequisites for obtaining relief under Rule 60(b)(6).  *See, e.g., id.* (setting out the standard for determining whether Rule 60(b)(6) motions should be granted).

No. 12-70030

JAMES L. DENNIS, Circuit Judge, concurring:

I concur as to Part I of the order to remand for further consideration in light of the Supreme Court's recent holding in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), but I write separately to note that I would further instruct the district court to carry out a full reconsideration of the Petitioner's ineffective-assistance-of-counsel claim in accordance with both *Trevino* and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

Petitioner has presented significant evidence in support of his argument that his state-court trial counsel provided him with constitutionally ineffective assistance in the investigation and presentation of mitigation evidence at trial, under *Strickland v. Washington*, 466 U.S. 668 (1984). In federal habeas proceedings, Petitioner presented the declarations of thirty-nine lay witnesses and an expert witness who were available to testify at trial but were not called by trial counsel. These witnesses would have testified regarding, *inter alia*, Petitioner's childhood history of physical abuse and emotional neglect, as well as evidence of his significant substance abuse and psychiatric disorder; issues that had not been fully raised before the trial court.

In its previous decision denying Petitioner's motion for relief from judgment, the district court stated that it had "already reviewed the merits of Haynes' *Strickland* claim in the alternative and found it to be without merit" and that therefore "he has already received all the relief he has requested." *Haynes v. Thaler*, No. H-05-3424, 2012 WL 4739541, at *5-6 (S.D. Tex. Oct. 3, 2012). The district court was apparently referring to three sentences of an earlier opinion, in which the district court concluded that:

> [A]s noted by respondent, Haynes' argument is essentially "not that counsels' performance should have been better, rather, his argument is that counsel should have investigated and

presented evidence at the punishment phase in a completely different manner." The record indicates that the defense counsel (as well as the prosecution and trial court) went to great lengths to ensure that Haynes' constitutional rights were protected and viable defenses pursued. Haynes' allegations do not show flagrant omissions by the players involved in his trial; rather, they merely demonstrate the exercise of strategy and typify the maxim that "the Constitution entitles a criminal defendant to a fair trial, not a perfect one."

*Haynes v. Quarterman*, No. H-05-3424, 2007 WL 268374, at \*9 (S.D. Tex. Jan. 25, 2007) (citations omitted). The district court did not conduct an analysis of—or even discuss—the post-conviction evidence. Given the cursory nature of this analysis, I would instruct the district court to reconsider the Petitioner's ineffective-assistance-of-counsel argument on remand.